## BRADLEY COUNTY v. BOND.

COSTS:  *Liability of Counties.*
  Counties are liable for cost in all cases of acquittals on indictments.

APPEAL from *Bradley* Circuit Court.
Hon. T. F. SORRELLS, Circuit Judge.

*A. A. Turner*, County Judge of Bradley County, submits

that counties are not liable for fees in cases of misdemeanor. *Fee Bill*, sec. 5, *p*. 169, *Acts*, 1875.

A. N. Bond, *pro se.*, Appellee.

The county is liable. *Sec.* 5, *p*. 169, *Act* 1874-5; *approved Feb.* 25, 1875.

EAKIN, J.    Appellee, Bond, presented to the County Court a claim for fees for services as Clerk of the Circuit Court, rendered to the State, in case of an indictment for misdemeanor, of which the defendant had been acquitted. The bill for fees had been approved by the Circuit Court, and certified by the Judge.    No question is made of the amount.

The County Court refused to allow the same, upon the ground that the county was not liable.    Upon appeal to the Circuit Court, the county was held liable and she appealed.

By the Revised Statutes (See *Gantt's Digest*, sec. 2015) it was provided that: "In all criminal or penal cases, if the defendant *shall be acquitted*, except when the prosecutor shall be adjudged to pay the cost, or if convicted will not have property to pay the costs, the same shall be paid by the county."

*Sec* 2831, *Ib.*, compiled from the Act of July 23d, 1868, and sec. 286 *of the Criminal Code*, as amended in 1871, provided that: "Fees allowed in criminal cases shall be paid by the defendant, but if sufficient property belonging to the defendant can not be found for the purpose, they shall be paid by the county where the *conviction* is had."    This is but a modification of what had been provided in case of *conviction* by the Revised Statutes (*Gantt's Digest*, sec. 2016.)

*Section* 5 *of the Fee Bill of* 1874 *and* 1875 (*see Pamphlet, Acts*, *p*. 169) provides that: "Fees allowed in criminal cases shall be paid by the defendant, but if sufficient property

belonging to the defendant can not be found for that purpose, they shall be paid by the county where the conviction is had; except in cases of misdemeanor, when the county shall not be liable."

The two sections last quoted have no application to cases of *acquittal*, and leave the law as to them as before. It is good policy to encourage the prosecution of offences, when the necessity and propriety of the indictments is vindicated by conviction. In such cases grand juries should not be deterred by fears of crippling the county in her finances, and clerks may not unreasonably be required to take the risk for the public good. It is equally good policy perhaps, to discourage grand juries from frivolous or ungrounded prosecutions, often hastily made, by imposing the expenses of acquittals upon their counties.

We find no error in the judgment. As the law stands, the county is liable for costs in all cases of acquittals on indictments.

Affirmed.