## McARTHUR *vs.* THE STATE OF GEORGIA.

[On account of providential cause, Jackson, Chief Justice, did not preside in this case.]

1. Acts of the legislature are presumed to be constitutional, and the courts will not declare them unconstitutional except where they are made clearly so to appear.

(*a.*) The title of an act was as follows: "An act to prevent the sale of spirituous or malt liquors near the Ridge Valley Iron Works, in Floyd county." The body of the act provided that, "there shall not be delivered, sold, or furnished by retail, as a beverage, any spirituous or malt liquors within the radius of two and a half miles from said Ridge Valley Iron Works," etc.:

*Held*, that a reasonable construction will be given to the statute ; and so construing it, the words "delivered" and "furnished" are both qualified by the words "by retail," which mean by sale in quantities of less than one quart. In this view, the body of the act does not contain matter different from its title.

2. If the intention were to make illegal the delivery or furnishing of liquor otherwise than by sale, the act would be *pro tanto* unconstitutional.

McArthur *vs.* The State of Georgia.

(*a.*) On the trial of an indictment for violating this law, a charge that if the defendant sold, or if he delivered, or if he furnished to any one spirituous or malt liquors, etc., he would be guilty, was error. December 30, 1882.

Criminal Law. Constitutional Law. Charge of Court. Before Judge UNDERWOOD. Floyd Superior Court. March Term, 1882.

Reported in the decision.

WRIGHT, MEYERHARDT & WRIGHT, for plaintiff in error.

J. I. WRIGHT, solicitor general, by T. W. ALEXANDER, for the state.

CRAWFORD, Justice.

1. The plaintiff in error was found guilty of unlawfully delivering, selling and furnishing intoxicating liquors to certain persons within two and a half miles of Ridge Valley Iron Works. He moved to set aside the verdict because it was contrary to evidence and law, and because the act under which the indictment was found was unconstitutional and void, in that the body of the act contained matter different from that which is expressed in the title thereof. The title of the act is as follows:

"An act to prevent the sale of spirituous or malt liquors near the Ridge Valley Iron Works in Floyd county."

Then it is enacted :

"That there shall not be delivered, sold, or furnished by retail, as a beverage, any spirituous or malt liquors within the radius of two and a half miles from said Ridge Valley Iron Works, and any person violating," etc.

Upon the first presentation of this question, the inclination of our minds was that the body of the act contained matter different from what was expressed in the title

v 69—29

thereof; and whilst we are not altogether free from doubt on the subject, yet under the uniform rule laid down by this court, we are not authorized to declare an act of the legislature void, except in clear and manifest cases. In this act there is but one subject matter referred to, and that is spirituous or malt liquors; neither does it contain matter different from what is expressed in the title thereof.

It is declared by its caption to be an act to prevent the sale of spirituous or malt liquors; and in the body thereof "that there shall not be delivered, sold, or furnished, by retail as a beverage any spirituous or malt liquors within the radius," etc. Bouvier defines the meaning of the word *retail* to be, to *sell* in small parcels and not in gross. And it is so defined by Worcester, Webster, and others who have given their time and study to the meaning of words. Under our law, words are to be given their usual and ordinary signification; to retail, then, is *to sell* in small quantities or parcels, and when used in reference to liquors, means to sell in quantities of less than one quart. Code, 1424.

When, therefore, this act is critically examined, does it not mean that the delivery or furnishing of liquors *by retail*, is but the sale of it? So construing it, and guided as we must be by the decisions of this court, we are constrained to hold, "that acts of the legislature are not only presumed to be constitutional, but that the authority of the courts to declare them void will never be resorted to, except in a clear and urgent case," and this not being such a one, it cannot be so pronounced. 16 *Ga.* 102.

2. The plaintiff in error further alleges that he is entitled to a new trial, because the judge erred in charging the jury, that if McArthur, the plaintiff in error, sold, or if he delivered, or if he furnished to any one spirituous or malt liquors at Ridge Valley Iron Works, within a radius of two and a half miles of said works, that then he would be guilty.

Under the view which we have taken of this act, we are

constrained to rule, that if the delivery or furnishing, is not done *by retail*, as prescribed by the act, then such delivery and furnishing would not be in the way of sale, and under such construction the body of the act would contain matter different from what was expressed in the title, and to that extent would be unconstitutional. The title of the act is only to prevent the sale, and the body cannot be made broader than the title, and especially so, when no enlarging words are used, such as "and for other purposes," which words are not found in this title.

It is possible that this plaintiff in error, as was suggested on the argument, may have been found guilty upon the ground that he *sold* the spirituous liquors which he delivered, but as the illegal charge may have controlled the jury, we think that a new trial should be granted, and it is so ordered.

Judgment reversed.