STATE v. G. M. HAWKINS.

*Gambling, indictment for—Retailing.*

One is indictable for a violation of the act prohibiting gambling "in any house wherein spirituous liquors are retailed," whether such retailing be with or without a license. THE CODE, §1042.

(*State* v. *Terry*, 4 Dev. & Bat., 185, cited and approved.)

INDICTMENT for gambling tried at Spring Term, 1884, of CLEVELAND Superior Court, before *McRae, J.*

The defendant is indicted for a violation of that clause of the statute, which prohibits gambling " in any house wherein spirituous liquors are retailed, or any part of the premises occupied  *  *  *  wherein spirituous liquors are sold as aforesaid." THE CODE § 1042.

It was in evidence that one Robert Leak played cards for money with the defendant in a house occupied by the defendant in which he retailed spirituous liquors. It was admitted that defendant had no retail liquor license, and the defendant asked the court to charge the jury, that, as he had no such license, he could not be convicted. The instruction was refused. Verdict of guilty. Judgment. Appeal by defendant.

*Attorney-General*, for the State.
*Messrs. Hoke & Hoke*, for defendant.

MERRIMON, J. We were at first inclined to think, that this clause of the statute referred to and embraced only houses and premises where spirituous liquors are retailed by virtue of a license duly granted under the law authorizing the retail of such liquors. But upon further reflection we are of opinion that it has a wider scope, and it embraces all houses and premises where spirituous liquors are retailed as a business, whether with or without a license.

To *retail* means, generally, to sell by small quantities, in broken parts, in small lots or parcels, not in bulk. There is nothing in the statute that goes to show this term is used in any restricted or limited sense, or that it does not imply any retailing, either rightful or wrongful. The evil to be remedied is just as great in the one case as the other ; perhaps, it is greater where the retailing carried on is unlawful. Besides, it would not consist with the integrity and thoroughness of the law to allow those who openly violate it, to

take advantage of their own wrong. *Nullus commodum capere potest de injuria sua propria.*

The present statute is, in all material respects, the same as that found in 1 Revised Statutes, ch. 34, § 69 ; indeed it takes the place of it.   This court in construing that statute held that gambling in a house where retailing spirituous liquors was carried on without a license obtained according to law, was a violation of its provisions.   Judge DANIEL, in delivering the opinion of the court, said :   " We are of the opinion that the circumstance of Vannoy's not having complied with all the requisites of the law in obtaining his license to retail, is no excuse for the defendant.   The jury have found the facts that he did retail spirits in his store-room.   That fact satisfies the gaming act above quoted, and the charge of the indictment that spirits were retailed in the house."   *State* v. *Terry,* 4 Dev. & Bat., 185.

Those who gamble in a house where an illicit retailing of spirituous liquors is carried on, cannot take shelter behind that business !

According to the evidence set forth in the record, the defendant kept a house wherein spirituous liquors were retailed in the sense of the statute.   The jury found that himself and another repeatedly played cards for money in that house while it was used for that purpose, and although he had no license as a retailer, he was guilty of a violation of the statute.

The judgment must be affirmed, and to that end let this opinion be certified to the superior court according to law. It is so ordered.

No error.                                           Affirmed.