[No. 1267.]

## EX PARTE M. W. ROSENBLATT.

DRUMMER LAW—UNCONSTITUTIONAL—REGULATION OF COMMERCE.—The "Act providing for the licensing of traveling merchants, and merchants doing business through soliciting agents, commonly known as 'drummers'" (Gen. Stat. 1269), is, as applied to citizens of other states, a regulation of commerce, in violation of the constitution of the United States.

HABEAS CORPUS.—This court will review, upon *habeas corpus*, the question of the constitutionality of an act under which petitioner has been convicted, and if the act is unconstitutional the petitioner will be discharged.

APPLICATION for *habeas corpus*.

The facts are stated in the opinion.

*R. H. Lindsay* and *S. D. King*, for Petitioner:

I. Nevada drummer law is unconstitutional. (*Robbins* v. *Taxing District*, 120 U. S. 489; *Corson* v. *Maryland*, 120 U. S. 502; *Fargo* v. *Michigan*, 121 U. S. 230.)

. II. The unconstitutionality of an act, under which a party is convicted, renders the judgment a nullity, and may be inquired into upon *habeas corpus*. (*Ex parte Lange*, 18 Wall. 175; *Ex parte Siebold*, 100 U. S. 371; *Ex parte Reed*, 100 U. S. 13; *Ex parte Yarborough*, 110 U. S. 651; *Ex parte Royall*, 117 U. S. 241; *Ex parte Wong Yung Guy*, 6 Saw. 237; *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Ex parte Kearney*, 55 Cal. 212; *Ex parte Westerfield*, 55 Cal. 550;[1] *Ex parte Hollis*, 59 Cal. 406; *Ex parte Harold*, 47 Cal. 129; *Ex parte Wall*, 48 Cal. 280;[2] *Ex parte Frank*, 52 Cal. 606;[3] *Ex parte Maguire*, 57 Cal. 604; *Parrott's Chinese Cases*, 6 Saw. 237; *In re Guerrero*, 69 Cal. 88; *In re Hang Ki*, Id. 149; *In re Lawrence*, Id. 609; *In re Yick Wo*, 68 Cal. 294.)

*J. F. Alexander*, Attorney General, and *T. Coffin*, for State:

I. This proceeding is not the proper remedy. (*Ex parte Winston*, 9 Nev. 71; *Ex parte Twohig*, 13 Nev. 302; *Ex parte Parks*, 93 U. S. 18; *Ex parte Reed*, 100 U. S. 13; Gen. Stat. 3689.) Petitioner has a plain, speedy, and adequate remedy by writ of error to the supreme court of the United States from the district court of Washoe County. (Rev. Stat. U. S., secs. 709, 710, 999, 1003, 1004.) The case on its merits has been by this court considered and decided. (*Ex parte Robinson*, 12 Nev. 263.)

By the Court, Belknap, J.:

The petitioner was convicted of a violation of an act of the legislature of the state, approved February 23, 1885, entitled "An act providing for the licensing of traveling merchants, and merchants doing business through soliciting agents, commonly known as 'drummers'" (Gen. Stat. 1269), in acting as soliciting agent or drummer without procuring a license therefor. He is held in custody under a commitment issued upon the judgment.

In his petition for a writ of *habeas corpus*, he alleges that he is a resident of the state of California, and that he was, at the time of his arrest, a traveling merchant, soliciting agent, and drummer, offering goods, wares, and merchandise for sale in the town of Reno, to be delivered at a future time from the state of California by his principals, residents of that state; that, by the act of the legislature before mentioned, it is made a misdemeanor to exercise any such occupation without having first

---

1  36 Am. Rep. 47.        2  17 Am. Rep. 425.        3  28 Am. Rep. 642.

obtained a license therefor; and that under this law he was convicted, first, in the court of the justice of the peace, and afterwards, upon appeal, in the district court of Washoe County. He avers that the enactment of the legislature imposing the license tax is unconstitutional and void, because repugnant to that clause of the constitution of the United States which declares that Congress shall have power to regulate commerce among the several states; and prays to be released from his imprisonment.

The supreme court of the United States in a recent case, that of *Robbins* v. *Taxing District of Shelby Co.*, 120 U. S. 489, considered the constitutionality of a statute of the state of Tennessee involving the same question. The Tennessee statute declared that "all drummers, and all persons not having a regular licensed house of business in the taxing district, offering for sale, or selling goods, wares, or merchandise therein by sample, shall be required to pay to the county trustee the sum of ten dollars per week, or twenty-five dollars per month, for such privilege, and no license shall be issued for a longer term than three months." Robbins, a citizen of the state of Ohio, employed by citizens of that state having a business house at Cincinnati, was convicted of a violation of the law. On appeal to the supreme court of the state, the judgment was affirmed. The case was then carried to the supreme court of the United States upon a writ of error. It was held that the business of selling goods which were in Ohio at the time of sale, and were at a future time to be delivered to the purchaser in the state of Tennessee, constituted interstate commerce, and that the license tax imposed by the statute was a tax upon interstate commerce, and invalid.

The statute of Tennessee and that of this state do not materially differ. Neither imposes a tax upon citizens of other states that does not equally apply to its own citizens, nor is there any discrimination in either statute against other states or their products. The principles of the decision of the supreme court in the *Robbins Case* must be accepted as establishing the unconstitutionality of the statute under which the petitioner was convicted.

It is urged, however, that the district court had jurisdiction to determine the constitutionality of the statute, and that its

judgment cannot be reviewed upon a writ of *habeas corpus.* But the district court did not have jurisdiction, because the state could not lawfully impose the license tax. There was, in legal contemplation, no law creating the offense of which the petitioner was convicted.

"An unconstitutional law," said the supreme court of the United States, in *Ex parte Siebold,* 100 U. S. 377, "is void, and is as no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment. It is true, if no writ of error lies, the judgment may be final, in the sense that there may be no means of reversing it. But personal liberty is of so great moment in the eye of the law that the judgment of an inferior court affecting it is not deemed so conclusive but that, as we have seen, the question of the court's authority to try and imprison the party may be reviewed on *habeas corpus* by a superior court, or judge having authority to award the writ. (See also *Ex parte Lange,* 18 Wall. 163; *Ex parte Parks,* 93 U. S. 18; *Ex parte Yarborough,* 110 U. S. 654.)

It is ordered that the petitioner be discharged.