STATE OF MISSOURI, Respondent, v. WAHL,
Appellant.

St. Louis Court of Appeals, May 11, 1909.

1. **SUNDAY: Sell Liquor: Delivery.**  In a prosecution of a defend-
ant for selling a keg of beer on Sunday, contrary to the pro-
vision of section 2243, Revised Statutes 1899, the evidence is ex-
amined and held sufficient to warrant a finding that the beer
was sold and delivered on Sunday.

2. ——: ——: **Wholesale.**  And in such case, where it was
shown that there were eight gallons of beer, a wholesale lot,
instead of a retail lot, the act is nevertheless forbidden by the
statute, section 2243, which is directed against any one who
shall "sell or retail" fermented liquor, etc.

3. **PRACTICE: Irrelevant Evidence: Declarations of Law.**  The
admission of irrelevant evidence is not reversible error where
the cause was tried before the court without a jury and de-
clarations of law were given indicating that the irrelevant
testimony had nothing to do with the result.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C.
Riley,* Judge.

AFFIRMED.

*Faris & Oliver* for appellant.

*B. A. McKay* for respondent.

GOODE, J.—Appellant was convicted of violating
the statute which says if any person shall sell or retail
any liquor fermented or distilled, on the first day of
the week, commonly called Sunday, he shall be adjudged
guilty of a misdemeanor and fined not to exceed fifty
dollars.  [R. S. 1899, sec. 2243.]   In substance the in-
formation charged appellant with selling to F. M. Ladd
one keg of beer for the price of three dollars.   Appel-
lant was agent of the Lemp Brewing Company in the city

of Caruthersville.  He was also manager of a cold storage establishment where the beer handled by him for the Brewing Company was kept, and hired the employees, or some of them, who handled the beer in said establishment.  Ladd testified he and other persons had arranged on Saturday night, November 2d, to get a keg of beer from appellant, to be delivered the next day, or Sunday, November 3d, the date laid in the information.  The parties interested made up the price and turned it over to Ladd, who attended to the purchase from Wahl.  On Sunday morning, November 3d, Ladd met Wahl in the postoffice and paid him $3.25, but they both testified this money, though it was the exact price of the beer Ladd got that day, was not paid for said beer, but for another keg he and his companions had bought some time before.  The same parties bought beer regularly every week and took it from cold storage on Sunday.  As to the delivery of beer on the particular Sunday, Ladd testified a man who had been an employee of appellant, got it out of cold storage and delivered it to him (Ladd); that Wahl did not tell him said party would get the beer for him, or did not tell him so "in that conversation" (*i. e.*, the one held in the postoffice when a payment was made).  It turned out the man who delivered the beer in question was named Jones, and the city marshal swore said Jones had a key to the door of the cold storage plant with which he unlocked the door and rolled the keg of beer out; whereupon, as Ladd was about to pick up the keg to carry it away, the marshal came along and interfered.  The marshal had seen Ladd pay Wahl the money in the postoffice, and then go toward the cold storage establishment "to get Dave Jones;" this happened on Sunday, November 3d. Appellant's counsel argues there was no evidence to prove a sale occurred on Sunday, because both Ladd and appellant testified the money paid in the postoffice on that day was for the beer sold and delivered some time before, and not for the keg Ladd

got on Sunday morning; further, that no delivery, or none by Wahl, was shown on Sunday. The circumstances were such that contrary inferences might be drawn by the court as trier of the facts about these matters. Appellant was an interested witness and Ladd avowed a wish not to incriminate any one. We have recited some of the evidence tending to prove a sale and delivery. This much is certain in respect of delivery of the beer on Sunday; the keg had been rolled out of the establishment of which appellant was manager and Ladd was in the act of shouldering it when the marshal interfered. This was evidence of delivery. [Lauder v. Peoria, etc., Society, 71 Ill. App. 475; Lambeth v. Wills, 12 Rob. (La.) 51.] Appellant says there was no proof Jones acted for him in making the delivery. Ladd testified he received the beer "from some one of the employees of J. S. Wahl at the ice plant," but afterwards said he did not know said person was then an employee. There is evidence Jones had been an employee anl none to prove his employment had ceased. Immediately after the conversation between Ladd and Wahl at the post-office, Ladd hunted up or ran across Jones, and the two proceeded to the cold storage plant, where Jones unlocked the door with a key in his possession and turned the beer over to Ladd; thus behaving as though he was still in service. What was done was according to the regular habit of the "club," to use Ladd's word, to buy beer during the week, leave it in cold storage until Sunday, then take it out and drink it. At the instance of appellant the court declared the verdict should be in his favor unless the evidence showed both a sale and an actual delivery of the beer, and, further that if the court found there was no actual delivery on account of the interference of the marshal, or for any other reason, the verdict should be for appellant. We hold the error assigned on the ground there was no evidence to prove a sale on Sunday should be overruled.

Another contention is that as the keg contained eight gallons of beer, the sale was at wholesale and not at retail, and hence was no violation of the statute. This argument assumes the statute does not prohibit the sale of fermented or distilled liquors at wholesale on Sunday, and that a sale of eight gallons at one time, no matter if it was to be taken out and immediately drank by divers persons, was not a sale at retail. The statute says "sell or retail," and in our judgment a sale of any quantity of fermented or distilled liquor, large or small, on Sunday would be a violation of it. The case of McArthur v. State, 69 Ga. 444, cited by appellant, is not in point on this proposition.

The testimony was admitted of the habit of certain persons to drink beer in a grove near the city of Caruthersville on Sunday, and this fact may have been irrelevant; but as the case was tried before the court, and the declarations of law indicate said testimony had nothing to do with the result, we will not reverse the judgment for its admission.

The judgment is affirmed, All concur.