[Nos. 2036 and 2037]

## In the Matter of the Application of Z. M. TAYLOR for a Writ of Habeas Corpus.

## In the Matter of the Application of L. P. ROUNDS for a Writ of Habeas Corpus.

1. Constitutional Law—Interstate Commerce—State Regulations—"Itinerant Merchant."

Rev. Laws, 3890–3894, inclusive (Act approved March 24, 1905, sec. 1; Stats. 1905, c. 153), makes it unlawful for any itinerant merchant or peddler to offer goods for sale without first obtaining a license. Section 2 defines an itinerant merchant, etc., as one having no permanent place of business within the state, which is not regularly located and taxed. Section 3 fixes the amount of the license required. Section 4 provides that the act shall not apply to drummers representing wholesale houses; and section 5 provides that it shall not apply to the sale of farm products. *Held*, that the act violated art. 1, sec. 8, of the constitution of the United States, relating to interstate commerce.

2. Constitutional Law—Licenses—Equal Protection of Law.

The act violates the fourteenth amendment and article 4 of section 2 of the constitution of the United States, relating to equal protection of the laws.

Original proceeding in the matter of the application of R. C. Stoddard in behalf of Z. M. Taylor and L. P. Rounds for writs of *habeas corpus*. **Writs granted,** and petitioners discharged.

The facts sufficiently appear in the opinion.

*R. C. Stoddard* (*Arthur C. Lyon,* of Counsel), for Petitioners.

*Cleveland H. Baker*, Attorney-General, for Respondent:

The attorney-general has read with great interest the able brief of his predecessor in office, who now appears as attorney for petitioners herein, and a careful examination of the authorities cited in such brief, and of a great many other authorities not therein cited, convinces him that the points advanced by the petitioners in these cases are founded upon true principles of law, and that the statute brought into this court for review by petitioners, upon which this action is founded, is unconstitutional and void.

It is the duty of this office and of the courts to uphold, if possible, the constitutionality of every act passed by the legislature, and to that end every authority that could be found bearing upon the subject has been examined and the most important cases tending to uphold the validity of this act were inserted so that the court can have the benefit of the cases on both sides in arriving at its decision.

The cases tending to uphold the statute are as follows: *Stull* v. *Demattos*, 51 L. R. A. 892; *In re Haskell*, 32 L. R. A. 527; *State* v. *French*, 30 L. R. A. 415; *State* v. *Foster*, 50 L. R. A. 339; *Fleetwood* v. *Read*, 47 L. R. A. 205; *State* v. *Hunt*, 85 Am. St. Rep. 758; *Hirshfield* v. *Dallas*, 15 S. W. 124; *Fretwell* v. *Troy*, 18 Kan. 271.

By the Court, Norcross, J.:

Original proceedings in *habeas corpus* in behalf of Z. M. Taylor and L. P. Rounds were instituted to obtain their release from the custody of the sheriff of Churchill County. The cases are identical and will be considered together. Taylor and Rounds were held under arrest, charged with the violation of that certain act of the legislature entitled "An act to provide for licensing itinerant and unsettled merchants, traders, peddlers and auctioneers," approved March 24, 1905 (Stats. 1905, c. 153).

From the agreed statement of facts it appears that Taylor and Rounds were authorized soliciting agents and salesmen for the Spalding Manufacturing Company of Grinnell, Iowa, a manufacturer and wholesale and retail dealer in buggies, motor cars, and other vehicles; said company having no store or other place of business in the State of Nevada, permanently located or regularly taxed therein, and said agents soliciting sales and selling the products of said company without license, as provided in said act of 1905.

The act under consideration provides:

"Section 1. It shall be unlawful for any itinerant or unsettled merchant, trader, peddler or auctioneer to sell or offer for sale any goods, wares or merchandise at any place in the State of Nevada, without first obtaining

and paying for a license, as hereinafter provided; and all sales or contracts of sale made without such license shall be null and void.

"SEC. 2.    An itinerant or unsettled merchant, trader, peddler or auctioneer within the meaning of this act, shall include every person, firm, or corporation, selling or offering for sale any goods, wares or merchandise, which has no permanent store or other place of business at some point or points within this state, and which is not permanently located and regularly taxed therein.

"SEC. 3.    Each and every itinerant and unsettled merchant, trader, auctioneer or peddler shall, before selling or offering for sale any goods, wares or merchandise within this state, procure a license for each and every county in which such person shall attempt to sell or offer for sale any goods, wares or merchandise, which license shall not be granted for more than one month and shall cost the applicant three hundred dollars ($300).

"SEC. 4.    This act shall not apply to drummers and commercial travelers representing and acting for wholesale houses in this and other states so long as they do not attempt the sale of goods, wares and merchandise at retail in competition with established retail dealers, nor shall it in any sense alter or change the present existing laws governing merchants, traders, peddlers and auctioneers permanently established and doing business in this state; *provided, however,* that its provisions shall apply to and be enforced against any peddler or auctioneer acting for or on behalf of any itinerant merchant or trader.

"SEC. 4.    *  *  *    The provisions of this act shall not apply to the sale, or offering for sale, of the products of any farm, ranch or range situated within this state."

Section 6 fixes the penalty for the violation of the act. (Rev. Laws, 3890–3895.)

It is contended by counsel for the petitioners, and so conceded to be by the attorney-general, that the act in question is unconstitutional.    The question of the constitutionality of this act was submitted to the office of

the attorney-general, and that official, the Hon. R. C. Stoddard, counsel for petitioner herein, by opinion rendered September 1, 1907, gave it as his conclusion that the act was unconstitutional. (Biennial Report of Attorney-General 1907–1908, p. 83.)

The attorney-general in his brief says: "A careful examination of the authorities cited in such brief, and of a great many other authorities not therein cited, convinces me that the points advanced by the petitioners in these cases are founded upon true principles of law, and that the statute brought into court for review by the petitioners, upon which this action is founded, is unconstitutional and void. * * * The general trend of judicial decision, since the decision of the case of *Robbins* v. *Shelby Taxing District,* 120 U. S. 489, 7 Sup. Ct. 592, 30 L. Ed. 694, by the Supreme Court of the United States, has been to declare void any statute imposing an occupation tax which in any way interferes with interstate commerce, and there can be no question but that the statute here in consideration does and was intended so to interfere. The statute also discriminates between residents and nonresidents of this state, and is therefore opposed to the 'equal rights' clause of the fourteenth amendment of the United States constitution."

[1, 2] The contention of counsel for petitioner that the act of 1905 in question is violative of section 8 of article 1 of the constitution of the United States, relative to interstate commerce, and denies to certain citizens of the United States the equal protection of the law guaranteed by section 2 of article 4 and the fourteenth amendment of the federal constitution, is well taken.

In view of the fact that the law applicable to this case is so well settled and that the unconstitutionality of the act in question is conceded by the attorney-general, we deem it unnecessary to enter into an extended discussion of the questions controlling, and which are so fully covered in opinions of this and other courts. Suffice it to say that the following authorities and other authorities therein cited fully support the conclusion reached: *Ex*

*Parte Rosenblatt,* 19 Nev. 439, 14 Pac. 298, 3 Am. St. Rep. 901; *Robbins* v. *Taxing District,* 120 U. S. 489, 7 Sup. Ct. 592, 30 L. Ed. 694; *Norfolk Ry. Co.* v. *Sims,* 191 U. S. 441, 24 Sup. Ct. 151, 48 L. Ed. 254; *Brennan* v. *Titusville,* 153 U. S. 289, 14 Sup. Ct. 829, 38 L. Ed. 719; *Spaulding* v. *Evenson* (C. C.), 149 Fed. 913; *Bacon* v. *Locke,* 42 Wash. 215, 83 Pac. 721, 7 Ann. Cas. 589; *In re Kinyon,* 9 Idaho, 642, 75 Pac. 268, 2 Ann. Cas. 699; *State* v. *Bayer,* 34 Utah, 257, 97 Pac. 129, 19 L. R. A. (N. S.) 297.

The petitioners are discharged from arrest and their bondsmen released.