431 P.2d 743

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joseph Lucero NAVAS, Defendant-Appellant.**

**No. 8349.**

Supreme Court of New Mexico.

Sept. 11, 1967.

Alan A. Norwood, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

HENSLEY, Chief Judge, Court of Appeals.

In January, 1965, Joseph Lucero Navas entered pleas of guilty to three counts of burglary. In October, 1966, he filed a motion authorized by § 21–1–1(93), N.M.S.A. 1953, to vacate the judgment and sentence. The motion was denied on October 5, 1966. On November 4, 1966, Navas filed an application asking the court to recon-

sider its order. The application included one new ground for relief not presented in the first motion. The sentencing court entered an order denying the application on the same day that it was filed. On November 17, 1966, Navas filed a request for an order granting an appeal from the orders entered on October 5, 1966, and November 4, 1966. The sentencing court treated the request as a notice of appeal. In view of the position of liberality adopted in Johnson v. Johnson, 74 N.M. 567, 396 P.2d 181 concerning nonjurisdictional deviations fom the rules, we will do the same.

 Supreme Court Rule 5(1) requires appeals from final judgments of the district courts to be perfected within thirty days. In Board of Education v. Rodriguez, 77 N.M. 309, 422 P.2d 351, we held that a failure to perfect a timely appeal is jurisdictional. Here, as has been shown, the request for appeal was filed November 17, 1966. The order appealed from had been filed October 5, 1966. It necessarily follows that this court is without jurisdiction. Further, it may be noted that the application to reconsider filed November 4, 1966, came more than ten days after the entry of the order and accordingly was not timely as a motion under § 21–1–1(50) (b), § 21–1–1(52) (B) (b), § 21–1–1(59) (b), N.M. S.A.1953.

We do not overlook the fact that in the application for reconsideration a new ground for attack on the court's judgment was advanced, viz., that the information which he was called upon to answer was insufficient under § 41–6–7, N.M.S.A.1953. This was ruled on by the court adverse to appellant's contention. The notice of appeal was taken within thirty days of this ruling and would be timely as to it. However, no point on appeal is directed to this holding and, accordingly, there is nothing for us to consider. Neither can the advancing of a new ground in the application serve to extend the time permitted for taking an appeal from the order denying relief, entered more than thirty days before notice of appeal was filed. Compare Associates Discount Corporation v. DeVilliers, 74 N.M. 528, 395 P.2d 453 (1964).

The appeal will be dismissed for lack of jurisdiction.

It is so ordered.

CHAVEZ, C. J., and MOISE, J., concur.