432 P.2d 394

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**RITO CANALES, Defendant-Appellant.**
**No. 8230.**

Supreme Court of New Mexico.
Oct. 2, 1967.

James F. Warden, Carlsbad, for appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

NOBLE, Justice.

Rito Canales, sentenced to not less than three years in the penitentiary following his plea of guilty to second-degree murder, has appealed from the denial of relief under his Rule 93 motion.

The record discloses an order denying a request for the identical relief following a full and complete hearing on a motion for writ of coram nobis. The prisoner's motion, pursuant to Rule 93 (§ 21–1–1(93), N. M.S.A.1953) attacking the judgment and sentence, was denied by the sentencing court on the ground that it constituted a second or successive motion seeking the same or similar relief.

Rule 93(d) (§ 21–1–1(93) (d), N.M.S.A. 1953) provides that: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." The question is thus presented whether a claim for post-conviction relief under Rule 93, upon the same grounds as a claim for such relief in a coram nobis proceeding, constitutes a second or successive motion for similar relief within the meaning of the rule. We conclude that it does.

Since Rule 93 was adopted from 28 U.S.C.A. § 2255, the interpretation placed on the federal statute by the federal courts "is persuasive of the meaning of the identical rule adopted by us." State v. Weddle, 77 N.M. 420, 423 P.2d 611.

The United States Supreme Court in Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, said, respecting the federal legislation:

"* * * it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined."

In Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, the Supreme Court of the United States had before it the question whether an application for post-conviction relief under 28 U.S.C. § 2255, on the same ground as a prior application for the same relief by federal habeas corpus, invoked the discretion of the sentencing court under the provision that a second or successive motion need not be entertained. It was there said that:

"Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1)

the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application."

In Sanders, the court defined "ground" as:

"* * * simply a sufficient legal basis for granting the relief sought by the applicant. * * * In other words, identical grounds may often be proved by different factual allegations. So also, identical grounds may often be supported by different legal arguments, * * *."

 Our Rule 93 was not intended to treat the problem of successive applications for post-conviction relief differently than under other available procedures. We can see no logical or practical basis for any distinction.

It should be noted that if doubts arise in particular cases as to whether the grounds in a subsequent application are different, they should be resolved in favor of the applicant.

A second or successive application may be refused only if the prior denial rested on an adjudication of the merits of the ground presented in the subsequent application. This means that an evidentiary hearing must have been held in the prior application if factual issues were raised and it was not denied on the basis that the files and records conclusively resolved those issues. Sanders v. United States, supra.

Furthermore, we point out that even if the prior application was rejected on the merits on the same ground, it is within the sound discretion of the court to permit a redetermination of those issues if the ends of justice would thereby be served. However, as was said in Sanders:

"* * * the burden is on the applicant to show that, although the ground of the new application was determined against him on the merits on a prior application,

the ends of justice would be served by a redetermination of the ground."

The record before us in this case discloses that a full, fair and complete evidentiary hearing was granted to the prisoner at the prior proceeding seeking post-conviction relief. Our examination of the two petitions and of the record of the prior hearing convinces us that the grounds asserted in the present application are the same as those claimed and determined on the merits of the prior application. We find no abuse of the court's discretion in denying the present application upon the basis of a prior determination on the merits of the same grounds.

The order appealed from will be affirmed.

It is so ordered.

COMPTON, J., and HENSLEY, Jr., C. J., Ct. App., concur.