434 P.2d 67

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Harvey RAGIN, Defendant-Appellant.**

**No. 8440.**

Supreme Court of New Mexico.

Nov. 6, 1967.

Rehearing Denied Dec. 7, 1967.

Eric D. Lanphere, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Myles E. Flint, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

CARMODY, Justice.

This is a proceeding under Rule 93 (§ 21-1-1(93), N.M.S.A.1953, 1967 Pocket Supp.).

Although we do not have jurisdiction in this appeal, it is necessary to relate some of the circumstances, in order to show that the fault rests squarely upon the appellant and not upon any member of the bar.

Appellant, represented by employed counsel, was tried before a jury in Bernalillo County, convicted of murder in the second degree, and sentenced on October 27, 1964. In May of 1965, appellant filed an informal petition for writ of error coram nobis, and counsel was appointed to represent him. A hearing was held that same month, and the petition was denied. In March of 1966, appellant filed another handwritten instrument entitled "Petition for Writ of Habeas Corpus." Within a matter of days, this petition was denied as being in violation of Rule 93, supra. Appellant then filed a motion to vacate the judgment and sentence under the rule. Prior to the disposition of this motion, appellant also filed handwritten petitions for writs of mandamus and injunction. On July 13, 1966, the trial court entered an order denying the motion to set aside the judgment and sentence, on the basis that all matters in the motion had been heard and ruled upon by the court at the hearing on the petition for writ of error coram nobis; the trial court also denied the petition for writ of injunction.

On the 26th day of July (thirteen days after the order denying the motion), petitioner mailed a handwritten motion for reconsideration. As a matter of fact, the motion was not filed until August 1st and apparently never served upon the district attorney, who was counsel in the trial court. This motion was the equivalent of a motion for new trial, under Rule 59 (§ 21-1-1 (59), N.M.S.A.1953) and was not timely under 59 (b) as it was not served within ten days after entry of judgment.

The motion not being a timely motion for new trial could not extend the time for filing notice of appeal beyond the thirty days required under Rule 5(1) (§ 21-2-1(5) (1), N.M.S.A.1953, 1967 Pocket Supp.). State v. Navas, 78 N.M. 365, 431 P.2d 743 filed September 11, 1967, and Associates Discount Corporation v. DeVilliers, 1964, 74 N.M. 528, 395 P.2d 453.

On September 7th, the trial court denied the motion for reconsideration, and on September 29th petitioner gave handwritten notice of appeal, which was actually some seventy-eight days after the entry of the order denying appellant's motion to vacate the sentence. Counsel was again appointed to brief and argue the appeal, but the damage had already been done; the time for appeal had long since run.

Appellant, by his own action, has deprived this court of jurisdiction. This is but another example of a situation which fre-

quently occurs whereby prisoners have lost or forfeited some right of access to the courts through their own action. It is quite obvious from an examination of the voluminous record that the appellant considered that he was more adept at the practice of law than an appointed attorney would have been.

The appeal will be dismissed for lack of jurisdiction as not being timely filed. It is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur.