444 P.2d 599

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Rudolfo GONZALES, Defendant-Appellant.**

**No. 152.**

Court of Appeals of New Mexico.
Aug. 9, 1968.

Leslie D. Ringer, Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Warren O. F. Harris, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

The trial court denied defendant's motion for post-conviction relief under § 21–1–1 (93) N.M.S.A.1953 (Supp.1967). Defendant's appeal seeks a review of the evidence on which the trial court revoked his suspended sentence. There is a procedural bar to such a review. We discuss this procedural bar and defendant's efforts to avoid this bar.

*The Procedural Bar.*

In 1963, defendant pleaded guilty to a narcotics offense and was given a suspended sentence. In 1964, after a hearing at which defendant was represented by counsel and evidence was taken, the trial court found that defendant had received stolen property knowing the same to have been stolen. This was a violation of a condition of the suspended sentence—that defendant not violate any of our criminal laws. Accordingly, the suspension was revoked and defendant was committed to the penitentiary.

No appeal was taken from the order revoking the suspended sentence. Thus the sufficiency of the evidence on which the revocation was based is not before us on direct review. Section 21–2–1 (5) (2) and § 21–2–1(5) (5) N.M.S.A. 1953 (Supp.1967).

Defendant seeks review of the evidence by appeal from denial of motions

for post-conviction relief. Counsel for defendant argued the first motion for post-conviction relief on August 9, 1966. On August 26th a notice of appeal was filed; however, at that time no order had been entered in connection with this motion. The order denying relief was entered September 13, 1966, and no appeal was taken from the September 13th order. The notice filed on August 26th did not effect an appeal from the order that had not yet been entered. State ex rel. Reynolds v. McLean, 74 N.M. 178, 392 P.2d 12 (1964); State v. Phillips, 78 N.M. 405, 432 P.2d 116 (Ct. App.1967). No appeal having been taken from the order denying the 1966 motion, that order is not before us for review.

In 1967, another motion for post-conviction relief was filed. This motion " * * reaffirms and alleges all of the grounds and allegations. * * * " of the 1966 motion. We do not consider whether this was a successive motion. See State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968); State v. Canales, 78 N.M. 429, 432 P.2d 394 (1967); State v. Flores, 444 P.2d 597 (Ct.App.) decided 1968. Defendant's appeal is from the order which denied this motion without a hearing.

■ The question of the sufficiency of the evidence is not before us by appeal from denial of the 1967 motion. The 1967 motion made the same claims as the 1966 motion. The 1966 motion did not claim there was insufficient evidence for the revocation. Thus, defendant seeks to question the sufficiency of the evidence for the first time in this court. Ordinarily he may not do so. State v. Hudman, 78 N.M. 370, 431 P.2d 748 (1967); State v. Flores, supra. In addition, ordinarily the sufficiency of the evidence is not a basis for post-conviction relief. State v. Sedillo, 79 N.M. 254, 442 P.2d 212 (Ct.App.) decided May 24, 1968.

*Efforts to Avoid the Procedural Bar.*

Defendant takes two approaches in his effort to avoid the procedural bar.

■ (a) By motion, defendant would have us treat the evidentiary claim here asserted as an original motion for post-conviction relief in this court or in the alternative as an original petition for the writ of habeas corpus. We do not have the original jurisdiction defendant seeks to invoke. N.M.Const. Art. VI, § 29.

■ (b) He asserts there is no evidence that he knew the property he received had been stolen. Because of the claimed total lack of evidence concerning his knowledge, defendant contends it was fundamental error to revoke his suspension for violating § 40A–16–11, N.M.S.A.1953, since the portion of the statute applicable here requires that defendant have such knowledge. State v. Salazar, 78 N.M. 329, 431 P.2d 62 (1967). If, as asserted, there is fundamental error, failure to comply with appellate rules does not prevent a review of the evidence question. State v. Reynolds, 79 N.M. 195, 441 P.2d 235 (Ct.App.1968).

■ Defendant was on probation when his sentence was suspended. State v. Serrano, 76 N.M. 655, 417 P.2d 795 (1966). State v. Brusenhan, 78 N.M. 764, 438 P.2d 174 (Ct.App.1968), states the evidentiary standard to be applied in a hearing for revocation of probation. Violation of the conditions of probation does not have to be established beyond a reasonable doubt. The violation must be established with such reasonable certainty as to satisfy the conscience of the court of the truth of the violation. The evidence is sufficient if it inclines a reasonable and impartial mind to the belief that defendant has violated the terms of his probation.

In the opinion of the trial court, the evidence, at least, met the standards; it commented, " * * * any reasonable man, any man with any degree of intelligence would have known that these articles were stolen ones." Its order specifically found that defendant knew the property to be stolen.

■ Since there is evidence to sustain these views, there is no fundamental error. The evidence establishes that defendant received a big box of boots (the stolen property) late at night at the apartment of his

girl friend from two men. Defendant knew the men were not in the " * * * shoe business or similar business. * * * ", were not employed in any such business and were non-residents of the municipality where the articles were received by defendant. Compare State v. Follis, 67 N.M. 222, 354 P.2d 521 (1960).

The order denying relief is affirmed. It is so ordered.

SPIESS, C. J., and OMAN, J., concur.