444 P.2d 597

The STATE of New Mexico, Respondent-Appellee,

v.

Faustino FLORES, Petitioner-Appellant.

No. 211.

Court of Appeals of New Mexico.

Aug. 9, 1968.

Fred T. Hensley, Portales, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Faustino Flores' motion for post conviction relief under § 21–1–1(93) N.M.S.A. 1953 (Supp.1967) was denied without a hearing. His appeal raises nine points which group into issues: (1) not properly before the court; (2) previously adjudicated; (3) concerning presentation of evidence; (4) concerning competency of counsel; and, (5) concerning being held incommunicado.

Flores did not appeal his conviction of murder in the second degree. This, however, is his fifth attempt to be relieved of his conviction and sentence. He petitioned for a writ of habeas corpus in the New Mexico Supreme Court in Flores v. Cox, 448–HC (1965) and in the United States District Court for the District of New Mexico in Flores v. Cox, No. 6420 (Civil) (1966) and Flores v. Cox, No. 6560 (Civil) (1966). In addition, he moved for post conviction relief before the sentencing court in 1966. The present motion was filed in 1968. We limit our consideration to the two motions before the sentencing court.

1. *Issues not properly before the Court.*

Four of the issues are that: (a) he did not have an attorney to advise him at all stages of the case; (b) he did not have a fair trial due to prejudicial publicity; (c) he was questioned by the police while without counsel and a statement was taken from him under duress; and, (d) he was not presented with an arrest warrant when arrested.

None of these issues were presented in his 1968 motion; his appeal is from the denial of the 1968 motion. These issues may not be raised here for the first time. State v. Hudman, 78 N.M. 370, 431 P.2d 748 (1967). These four issues were raised and decided adverse to Flores in his 1966 motion. If he is now attempting to appeal from the decision on his 1966 motion (some seventeen months later), the appeal is not timely. State v. Ragin, 78 N.M. 542, 434 P.2d 67 (1967); State v. Navas, 78 N.M. 365, 431 P.2d 743 (1967).

2. *Issue previously adjudicated.*

In his 1968 motion Flores claims that he was not served with a "bill of information" (bill of particulars? criminal information?) charging him with the crime of murder. This claim was also made in his 1966 motion. The trial court conducted a hearing on the 1966 motion, took evidence,

considered the possible meanings of this claim and decided the claim against Flores on the merits.

■ Accordingly, this 1968 claim is a successive motion for relief. Since the claim has been previously adjudicated on its merits, the trial court was not required to entertain this claim. State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968); State v. Canales, 78 N.M. 429, 432 P.2d 394 (1967).

3. *Issue concerning presentation of evidence.*

■ Flores claims that the court "deprived" him from bringing out evidence which contradicted two of the state's exhibits. No factual basis is alleged in support of this conclusion. Since a specific factual basis must be alleged, this claim presented no basis for relief. State v. Lobb, supra; State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967); State v. Sexton, 78 N.M. 694, 437 P.2d 155 (Ct.App. 1968).

4. *Issues concerning competency of counsel.*

Flores claims that the two attorneys employed by him were incompetent for two reasons. He asserts that counsel did not object when the court "deprived" him from bringing out evidence to contradict two state exhibits. He also contends that his wife's testimony contradicted his own testimony because of the way his counsel advised her.

■ Assuming, but not deciding, that these claims are true, they are claims concerning trial tactics. They are not claims that the trial was a mockery of justice; they do not provide a basis for post conviction relief. State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967); State v. Apodaca, 78 N.M. 412, 432 P.2d 256 (1967); State v. Brusenhan, 78 N.M. 764, 438 P.2d 174 (Ct.App.1968).

5. *Issue concerning being held incommunicado.*

■ Flores contends that he was held incommunicado from the time of his arrest until his preliminary hearing eight days later. In the order denying the motion the trial court referred to portions of the record that indicated this claim was not factually correct. Assuming however that Flores was held incommunicado for some period of time, such does not provide a basis for post conviction relief since there is no claim that Flores was prejudiced as a result. State v. Henry, 78 N.M. 573, 434 P.2d 692 (1967); State v. Hansen, 79 N.M. 203, 441 P.2d 500 (Ct.App.1968).

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and ARMIJO, J.. concur.