444 P.2d 368

STATE of New Mexico, Plaintiff-Appellee,

v.

Luis CAMPOS, Defendant-Appellant.

No. 8642.

Supreme Court of New Mexico.

Aug. 19, 1968.

Richard A. Parsons, Ruidoso, for defendant-appellant.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge, Court of Appeals.

In 1950, defendant was convicted of murder in the first degree and sentenced to life imprisonment. Defendant did not appeal his conviction: however, a companion case is State v. Alaniz, 55 N.M. 312, 232 P.2d 982 (1951).

Defendant moved for post-conviction relief under § 21–1–1(93) N.M.S.A.1953. His motion was denied without a hearing on the basis that it was a successive motion; that the issues raised were the same issues raised and determined in a prior coram nobis proceeding. Defendant appeals, asserting the trial court should have held a hearing on his motion.

In his motion, defendant claims that the court record showing he had counsel at arraignment is erroneous; that in fact he did not have counsel when arraigned. In the coram nobis proceeding the trial court found as a fact that defendant was represented by counsel when arraigned.

In his motion he claims that he did not see or confer with his attorney until the day of his trial and that counsel did not advise him of his right to an appeal. For the purposes of this appeal we will assume that these claims, which are claims concerning adequacy of representation by counsel, provide a basis for post-conviction relief. However, as to conferring with counsel see State v. Reece, 79 N.M. 142, 441 P.2d 40 (1968), State v. Knerr, 79 N.M. 133, 440 P.2d 808 (Ct.App.1968) and State v. Brusenhan, 78 N.M. 764, 438 P.2d 174 (Ct.App.1968); as to advice concerning appeal see Morales v. Cox, 75 N.M. 468, 406 P.2d 177 (1965) and State v. Raines, 78 N.M. 579, 434 P.2d 698 (Ct.App.1967). In the coram nobis proceeding the trial court found as a fact that defendant " * * * at such arraignment and subsequent thereto was represented by experienced and adequate counsel."

■ Section 21–1–1(93) (d) N.M.S.A. 1953 provides that "[t]he sentencing court

shall not be required to entertain a second or successive motion for similar relief * * *." This provision may be applied where the first attempt for post-conviction relief is by petition for a writ of coram nobis and the second attempt is under our Rule 93. State v. Canales, 78 N.M. 429, 432 P.2d 394 (1967).

The coram nobis hearing was an evidentiary hearing; defendant was represented by counsel at that hearing.

■ Accordingly, we have a situation where defendant has presented claims which were determined adversely to him in the coram nobis proceeding and where the adverse determination was made on the merits after an evidentiary hearing. In addition, there is nothing before us indicating that the ends of justice would be served by reaching the merits of the claims made in the motion under § 21–1–1(93), supra. In this situation, the trial court could properly deny the motion on the basis that it was a second or successive motion. State v. Sisk, 79 N.M. 167, 441 P.2d 207 (1968); State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968); State v. Canales, supra.

Since the trial court could properly deny defendant's motion on the basis that it was a successive motion, it did not err in failing to hold a hearing on the motion. State v. Faustino Flores decided August 9, 1968, 79 N.M. 412, 444 P.2d 597.

The order denying relief is affirmed. It is so ordered.

MOISE and CARMODY, JJ., concur.