414 P.2d 583

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**James William HOLLOWELL, Defendant-Appellant.**

**No. 8606.**

Supreme Court of New Mexico.

Aug. 26, 1968.

G. Gordon Robertson, Raton, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge, Court of Appeals:

Defendant's suspended sentence was revoked and he appeals. Because a previous order of revocation had been vacated he claims that the second order of revocation is fundamentally unfair.

On February 23, 1967 a hearing was held to determine whether his suspended sentence should be revoked. Disposition was deferred until May 25, 1967, at which time, without further hearing, the suspended sentence was revoked and defendant was committed to the penitentiary to serve the balance of his sentence. Defendant did not have counsel at this hearing and was not advised of his right to counsel. See Blea v. Cox, 75 N.M. 265, 403 P.2d 701 (1965). This first order of revocation was vacated.

After another hearing, defendant's suspended sentence was again revoked and again he was committed to serve the balance of his sentence. This revocation was based on defendant's actions on May 2, 1967. Defendant claims this second order of revocation is fundamentally unfair because the conduct on which the second revocation is based was antecedent to entry of the first order; because the second order "* * * involves consideration of the same facts which were in existence at the time of the earlier defective proceeding."

We do not see how the two hearings involved consideration of the same facts. The first order was necessarily based on defendant's conduct on or before the date of the first hearing; the second order was based on conduct subsequent to the first hearing. Compare State v. Rhodes, 77 N.M. 536, 425 P.2d 47 (1967). Nevertheless, we will assume that both orders of revocation were based on the same facts.

We fail to see how the second order of revocation is fundamentally unfair. Defendant does not complain of the procedure followed at the second hearing; he had counsel at that hearing. He admits that his conduct on May 2, 1967 was such that revocation of the suspended sentence was justified. His sole claim is that the defective first proceeding in some unspecified manner immunized him from having his suspended sentence revoked with the result that the second order denied him due process of law.

 Where a conviction is set aside because of error in the proceedings leading to conviction, defendant may be retried. See State v. Peters, 78 N.M. 224, 430 P.2d 382 (1967); State v. Nance, 77 N.M. 39, 419 P.2d 242 (1966); State v. Paris, 76 N.M. 291, 414 P.2d 512 (1966). Where a sentence is set aside because not authorized, defendant may be resentenced. See State v. Soliz, 79 N.M. 263, 442 P.2d 575, decided June 10, 1968; State v. Tipton, 77 N.M. 1, 419 P.2d 216 (1966); French v. Cox, 74 N.M. 593, 396 P.2d 423 (1964).

The rationale of the above decisions is that the conviction or sentence being void, it is as if the conviction never occurred or the sentence was never pronounced. Compare State v. Paris, supra. That rationale is applicable to this case, where neither the conviction nor the original sentence is in issue, where we are concerned with revocation of the clemency extended by the trial court because of admitted violation of the conditions of that clemency. See § 40A–29–18, N.M.S.A. 1953; § 41–17–28.1(B), N.M.S.A.1953. When the first order was vacated, it was as if the order had never been entered. Accordingly, the invalid first order did not prevent entry of the second order of revocation.

The order revoking the suspended sentence and committing the defendant to the penitentiary for the balance remaining on his original sentence is affirmed.

It is so ordered.

NOBLE and CARMODY, JJ., concur.