471 P.2d 192

STATE of New Mexico, Plaintiff-Appellee,

v.

Lorenzo SEDILLO, Defendant-Appellant.

No. 472.

Court of Appeals of New Mexico.

May 28, 1970.

Turner W. Branch, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Roy G. Hill, Sp. Asst. Atty. Gen., for appellee.

OPINION

WOOD, Judge.

Defendant appeals from a denial of post-conviction relief without a hearing. Section 21–1–1(93), N.M.S.A.1953 (Supp. 1969). We decide two points: (1) timeliness of the appeal and (2) jurisdiction of the juvenile court.

*Issues before us on appeal.*

Defendant's conviction for rape was affirmed in State v. Sedillo, 76 N.M. 273, 414 P.2d 500 (1966). His first two motions for post-conviction relief were consolidated on appeal. Denial of post-conviction relief was affirmed in State v. Sedillo, 79 N.M. 9, 439 P.2d 226 (1968).

His third motion for post-conviction relief, filed July 22, 1968, was denied October 11, 1968. His fourth motion for post-conviction relief was filed July 25, 1969 and denied August 25, 1969. His fifth such motion was filed October 21, 1969 and denied October 27, 1969.

Defendant filed a notice of appeal from the denial of motions three, four and five on November 12, 1969. We do not consider the fact that most of the claims made in the third and fourth motions were either disposed of by the appellate opinions identified above or by the extensive findings of the trial court made in denying defendant's first motion for post-conviction relief in December, 1966. Specifically, we do not consider the merits of any issue attempted to be raised in this appeal from the denial of defendant's third and fourth motions for post-conviction relief.

Defendant is attempting to appeal the order denying relief under the third motion thirteen months after entry of that order. The attempted appeal from the order denying relief under the fourth motion is more than three months after entry of that order. The part of the appeal based on the third and fourth motions is not

timely. Section 21–2–1(5) (1), N.M.S.A. 1953 (Supp.1969). The issues attempted to be raised in connection with the third and fourth motions will not be considered. State v. Ragin, 78 N.M. 542, 434 P.2d 67 (1967); State v. Navas, 78 N.M. 365, 431 P.2d 743 (1967); State v. Gonzales, 79 N.M. 414, 444 P.2d 599 (Ct.App.1968); State v. Flores, 79 N.M. 412, 444 P.2d 597 (Ct. App.1968).

*Jurisdiction of the juvenile court.*

 The appeal from denial of the fifth post-conviction motion is timely. In that motion defendant asserted the juvenile court did not have jurisdiction to transfer him for trial on the rape charge.

The basis of this claim is that defendant was a juvenile when he committed the rape. The juvenile court transferred defendant to the District Court for criminal proceedings. Section 13–8–27, N.M.S.A. 1953 (Repl.Vol. 3); see dissenting opinion in Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968). He was then tried and convicted of rape. Subsequently, he was discharged on a writ of habeas corpus because of defects in the proceedings by which he was transferred from the juvenile court. See State v. Sedillo, 79 N.M. 9, 439 P.2d 226, supra. Thereafter, he was again taken into custody, again transferred by the juvenile court to the District Court, again tried and convicted for rape.

Defendant asserts that after the juvenile court transferred him the first time it had no further jurisdiction over him. He contends the juvenile court could relinquish jurisdiction over him "only once." Having done so at a hearing held to be void in the habeas corpus proceeding, defendant asserts the juvenile court had no jurisdiction to transfer him for criminal trial a second time.

The claim is without merit. Since the first transfer was void, defendant had not been properly transferred to the District Court for criminal proceedings. Since the first transfer was void, it is as if the first transfer never occurred. Accordingly, the void first transfer did not deprive the ju-

venile court of jurisdiction to make the second transfer. State v. Hollowell, 79 N. M. 398, 444 P.2d 583 (1968) and cases therein cited; compare Trujillo v. State, 79 N.M. 618, 447 P.2d 279 (1968); Neller v. State, supra.

The claim made in the fifth post-conviction motion did not state a basis for relief. Accordingly, the trial court did not err in denying the motion without a hearing. Pena v. State, 81 N.M. 331, 466 P.2d 897 (Ct.App.1970).

Affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.