485 P.2d 374

STATE of New Mexico, Plaintiff-Appellee,

v.

Alcario N. GALLEGOS a/k/a Alex Michael Gallegos, Defendant-Appellant.

No. 602.

Court of Appeals of New Mexico.
April 23, 1971.
Certiorari Denied May 19, 1971.

Douglas T. Francis, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

In 1958, defendant, a juvenile, was transferred from juvenile court to district court,

tried and convicted for armed robbery. He filed a motion for postconviction relief which was denied without a hearing. No appeal was taken. His second motion for postconviction relief under § 21–1–1(93), N.M.S.A.1953 (Repl.Vol. 4) was also denied without a hearing. Defendant appeals from the denial of this second motion.

The trial court denied the second motion on the basis that it was a successive motion which the court was not required to entertain. Section 21–1–1(93) (d), supra. We need not decide whether defendant's second motion was a successive one that need not be considered. See State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968); State v. Canales, 78 N.M. 429, 432 P.2d 394 (1967), and State v. Flores, 79 N.M. 412, 444 P.2d 597 (Ct.App.1968).

The second motion was properly denied because it stated no basis for postconviction relief. This motion, and the prior one, claimed that defendant was not furnished counsel at the juvenile transfer proceeding, nor advised of any right to counsel in that proceeding. Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968) assumed that a right to counsel existed in connection with transfer proceedings but over this judge's dissent, held that such a right can be waived. *Neller* states:

"* * * that waiver is accomplished when, upon arraignment with counsel in district court, no objection is made to the failure to be represented by counsel during the juvenile court investigation."

The record shows that a waiver, as defined in *Neller*, occurred in this case. Thus, no grounds for postconviction relief are stated in the second motion. Since no grounds for relief are stated, the trial court did not err in refusing to hold an evidentiary hearing on the motion. State v. Lobb, supra.

The order denying relief without a hearing is affirmed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.