**Luis CAMPOS, Petitioner-Appellant,**

v.

**J. E. BAKER, Warden, Respondent-Appellee.**

**No. 121–70.**

United States Court of Appeals, Tenth Circuit.

May 13, 1971.

Joseph D. Beaty, Albuquerque, N. M., for appellant.

Joseph F. Baca, Special Asst. Atty. Gen., Albuquerque, N. M. (David Norvell, Atty. Gen., State of New Mexico, Santa Fe, N. M., on the brief), for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and LANGLEY, District Judge.

HILL, Circuit Judge.

This appeal is taken from a denial of a state prisoner's petition for a writ of habeas corpus. Two arguments are submitted by appellant: (1) that he was denied his constitutional right to a preliminary hearing; and (2) that he was denied effective assistance of counsel.

In February, 1950, Campos and Alaniz were identified by eyewitness as the murderers of one Pete Nalda. Both were arrested and taken before a justice of the peace where they were informed of the charges and told of their right to procure counsel and witnesses. Campos, without assistance of counsel, pleaded not guilty and waived a preliminary hearing. Several days later, appellant was arraigned before a state district court judge where he again pleaded not guilty. Thereafter, counsel was appoint-

ed and a motion was made for a preliminary hearing which was denied. Immediately prior to the trial, appellant's attorney moved to quash the information on the grounds that the preliminary hearing was never intelligently waived. This motion was denied, Campos was re-arraigned, and again pleaded not guilty with the statement that he did not thereby intend to waive the right to a preliminary hearing. Approximately three weeks after being arrested, appellant was tried and convicted by a jury of first degree murder.

A direct appeal was never taken by Campos, allegedly because he was unaware he had such a right. However, in 1965, appellant filed a petition for a writ of coram nobis in the state courts, which was denied. In 1966, Campos filed a motion to vacate judgment and sentence, which was also denied. State v. Campos, 79 N.M. 390, 444 P.2d 368 (1968). Thereafter this petition was filed and a hearing was held.

■ In his habeas corpus petition appellant made three allegations: (1) that he was not represented by counsel at his arraignment; (2) that he was not given ample time to confer with counsel prior to trial; and (3) that he was not adequately represented by counsel. Not until midway through the hearing did Campos seek to interject the issue of denial of a preliminary hearing. Appellee has steadfastly maintained that there is no indication in the record that Campos litigated this issue in the state post-conviction actions. Thus, there has been no exhaustion of state court remedies as required by 28 U.S.C. § 2254.

We have painstakingly scrutinized the record for some indication that the New Mexico state courts have considered and ruled upon Campos' allegation that he was denied a preliminary hearing in violation of the New Mexico Constitution, Article 2, Section 14. He did not raise the issue in his August, 1965, Application and Petition for Writ of Error Coram Nobis, nor was the question suggested in his May, 1966, Motion to Vacate Judgment and Sentence. The only reference to the issue was, at best, a tangential one in the course of the state district court's decision in the coram nobis proceeding. But with that fleeting allusion, we are unable to say that the issue now posed was directly considered by the state court. In sum, we can find no indication, either in the record or by reference in appellant's brief, that the contention has been presented to and argued before New Mexico's state courts. In that posture, the argument will not be decided by this court until first referred to the state judiciary.

■ The second argument has been exhausted in the state courts and will be considered on its merits. In essence, it is urged that Campos' trial counsel had inadequate time to prepare for trial, which resulted in an inadequate defense effort. In addition, it is urged that a biased interpreter was employed at the trial. The district court found these contentions to be without merit, and we agree.

■ Counsel who represented Campos at trial testified in the evidentiary hearing that he was appointed prior to and represented appellant at his arraignment. He declared that he conferred with Campos at length on several occasions, conducted other investigations, and filed a variety of motions prior to the trial. The capstone is, however, the lawyer's statement that even with additional time he could not have afforded a better defense for Campos. The trial record affirms that assessment. United States v. Parrott, 434 F.2d 294 (10th Cir. 1970); Bruner v. United States, 432 F.2d 931 (10th Cir. 1970). And the evidentiary hearing testimony of the interpreter and appellant's lawyer vitiates any color of impropriety in the use or selection of the translator.

Denial of the writ is accordingly affirmed.