502 P.2d 318

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Lorenzo SEDILLO, Defendant-Appellant.**

**No. 960.**

Court of Appeals of New Mexico.

Oct. 6, 1972.

Gene E. Franchini, Matteucci, Franchini, Calkins & Michael, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Victor Moss, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

COWAN, Judge.

The defendant appeals from an order denying a motion for post-conviction relief filed pursuant to Rule 93 [§ 21–1–1(93), N.M.S.A.1953 (Repl.Vol. 4)]. He was convicted of rape in 1965 and his conviction was affirmed by the Supreme Court in State v. Sedillo, 76 N.M. 273, 414 P.2d 500 (1966). Thereafter he filed various motions to vacate the judgment and sentence, all of which were denied. An appeal was taken to the Supreme Court under Rule 93, supra, and was affirmed in State v. Sedillo, 79 N.M. 9, 439 P.2d 226 (1968). Another appeal, from a later denial of post-conviction relief, was affirmed by this

court in State v. Sedillo, 81 N.M. 622, 471 P.2d 192 (Ct.App.1970).

Defendant presently contends that he was denied due process of law in that "the admitted evidence of his identification in a line-up was unfair." He also contends that the trial court failed to instruct the jury as to the line-up in which he was identified. He tendered no instructions nor objected to any the court gave.

We affirm.

■ Defendant seeks a review by this court under the rule of fundamental error predicated on an unfair line-up and cites several cases in support of his position: Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L. Ed.2d 1199 (1967); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247 (1968); State v. Torres, 81 N. M. 521, 469 P.2d 166 (Ct.App.1970). These cases were all decided subsequent to his conviction and original appeal and, not having been made retroactive, do not apply here. State v. Garcia, 80 N.M. 21, 450 P. 2d 621 (1969).

■ The matters urged for reversal are ones which should have been submitted to the appellate court for consideration on the original appeal. Proceedings under Rule 93 are not intended as a substitute for an appeal nor a method by which one can obtain consideration of questions which might have been raised on appeal. State v. Beachum, 83 N.M. 526, 494 P.2d 188 (Ct. App.1972).

The order denying relief is affirmed.

It is so ordered.

HENDLEY, J., concurs.

WOOD, Chief Judge (specially concurring).

I disagree with the majority when they decide a claim of fundamental error on the basis that cases cited by defendant were not retroactive.

Gilbert v. California, supra, and United States v. Wade, supra, are concerned with identification of a defendant at a line-up in the absence of counsel. The exclusionary rule in those cases was held not to be retroactive in Stovall v. Denno, supra. We are not concerned here with absence of counsel at a line-up because no such claim is made by defendant.

Defendant claims fundamental error on the basis of an unfair line-up. This is a recognized ground for attacking a conviction independent of any right to counsel claim. Simmons v. United States, supra; Stovall v. Denno, supra.

A review of the evidence concerning identification of defendant at a line-up shows no suggestive procedures of any kind. See State v. Torres, supra. Thus, there is nothing to support the claim of fundamental error as that concept has been defined in New Mexico decisions. See State v. Rodriguez, 81 N.M. 503, 469 P.2d 148 (1970).

There being no fundamental error, the matters raised are those required to be raised by direct appeal. Jones v. State, 81 N.M. 568, 469 P.2d 717 (1970). Thus, once the claim of fundamental error is ruled against defendant, there are no issues to be considered in a post-conviction proceeding.

Accordingly, I concur in the result.