JOSE RICARDO SANCHEZ, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 6975

June 13, 1973                    510 P.2d 1362

*Gary Sheerin,* Public Defender, of Carson City, for Appellant.

*Robert List,* Attorney General; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, Batjer, J.:

This matter is before our court for the second time. In Sanchez v. Sheriff, Washoe County, 86 Nev. 142, 466 P.2d 670 (1970), he appealed from an order of the Second Judicial District Court denying his pretrial application for a writ of habeas corpus. There we granted the respondent sheriff's motion for

dismissal because Sanchez pursued an inappropriate remedy. Cook v. State, 85 Nev. 692, 462 P.2d 523 (1969); NRS 177.015; NRS 177.045.

At the commencement of the trial the appellant, through counsel, out of the presence of the jury, moved to suppress any identification testimony of Glen O'Malley, the victim. At the hearing on the motion, the Honorable Thomas O. Craven, District Judge, determined that the victim's in-court identification did not violate any constitutional rights and denied the motion.

The trial proceeded and the appellant was found guilty of robbery. He did not appeal that conviction. Almost one (1) year later, and long after the time for filing an appeal had expired (NRS 177.066), he petitioned for post-conviction relief (NRS 177.315 et seq.) upon the ground that the identification by the victim of a robbery, made at the scene within a few minutes after the crime tainted the victim's in-court identification of him because the on-scene identification was made without the presence of defense counsel and in violation of his constitutional rights. This appeal was taken from the order denying that petition.

At about 1:10 a.m. on the morning of May 23, 1969, the Food Shop at the corner of Second and West Streets in Reno, Nevada was robbed. At about that same time, Jack Brownell, an off duty police officer, was driving by and observed the appellant run from the store and proceed west on Second Street. The appellant darted in front of Brownell's vehicle forcing him to abruptly apply the brakes. For a moment the appellant looked directly into the headlights of Brownell's vehicle, then he continued west on Second Street and entered the El Cortez Hotel. Brownell, who had been heading east on Second Street toward the Food Shop, turned around and met officers in a police car who were responding to the robbery victim's phone call. About twenty minutes later Brownell and the other police officers observed the appellant walking down the stairs in the El Cortez. He was apprehended, handcuffed and returned immediately to the Food Shop where he was confronted by Glen O'Malley, the victim, who identified him as the robber.

We do not reach the merits of the identification question because the appellant has waived his right to have that issue reviewed. Trial counsel raised and preserved the appellant's

alleged assignment of error but no appeal was taken. No reason was ever given why there was no appeal. Post-conviction proceedings are not intended to be utilized as a substitute for appeal.

In Craig v. Warden, 87 Nev. 39, 482 P.2d 325 (1971), an asserted error was not presented in an earlier appeal nor was there any reason given to explain that omission, and we held that Craig's post-conviction relief was barred. We find no valid distinction between the fact that in *Craig* an assignment of error was omitted and here no appeal was taken.

In State v. Reid, 441 P.2d 742 (N.M. 1968), the defendant filed an appeal but it was dismissed at his request. Later he raised appealable issues in a post-conviction petition and the appellate court in affirming the denial of post-conviction relief said: "At the trial it was determined that defendant's statement was freely and voluntarily made. If this determination was in error, it could have been corrected on direct review. . . . Defendant's direct appeal was dismissed at his own request. A post-conviction proceeding is not a method of obtaining a retrial of the case or a consideration of questions which might have been raised on appeal. State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967)." See: People v. Armes, 227 N.E.2d 745 (Ill. 1967); People v. Lyons, 291 N.E.2d 353 (Ill.App. 1972). See also: State v. Sedillo, 502 P.2d 318 (N.M. 1972); Johnson v. Warden, 295 A.2d 820 (Md.App. 1972).

This appeal is dismissed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.