EARL M. WHEBY, JR., APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 8825

EARL MELVIN WHEBY, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 8824

June 7, 1976                                     550 P.2d 419

---

*Earl Melvin Wheby, Jr.,* In *pro per,* Carson City.

*Robert List,* Attorney General, Carson City; *Larry Hicks,* District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Earl Melvin Wheby, Jr., entered a plea of guilty to the charge of attempted murder and, on August 28, 1975, was sentenced to an eight (8) year term in the Nevada State Prison. On September 4, 1975, he timely filed an in *pro per* notice of appeal. The appeal was voluntarily dismissed November 26, 1975, pursuant to a stipulation of counsel, which was personally signed and approved by Wheby.

On October 22, 1975, while the direct appeal was pending, Wheby filed an in *pro per* petition for post-conviction relief in the district court, contending *inter alia,* he should be permitted to withdraw his guilty plea. This contention was available to him in his direct appeal. The district judge refused to permit Wheby to withdraw the guilty plea; however, he vacated the eight (8) year sentence and referred the matter to another district judge for resentencing. Wheby filed an in *pro per* appeal from the portion of the order which refused to permit him to withdraw his guilty plea. (Wheby v. Warden, Nevada State Prison, No. 8825.)

Shortly after the original eight (8) year sentence was vacated, another district judge resentenced Wheby to an eight (8) year term in the Nevada State Prison. Wheby has also perfected an in *pro per* appeal from the resentencing. (Wheby v. State of Nevada, No. 8824.) The two appeals are hereby consolidated.

In the procedural posture of these two appeals we need not, and do not, consider their merit, if any.

When the post-conviction petition was initiated, Wheby's direct appeal was in progress. He could have—and should have—pursued the appeal. See NRS 177.375(2)(b). In Sanchez v. Warden, 89 Nev. 273, 275, 510 P.2d 1362, 1363 (1973), where, as here, a defendant's direct appeal had been dismissed at his own request, we said: " 'A post-conviction proceeding is not a method of obtaining a retrial of the case or a consideration of questions which might have been raised on appeal.' " See also, Johnson v. Warden, 89 Nev. 476, 477, 515 P.2d 63, 64 (1973), where we ruled ". . . that this court will consider as waived those issues raised in a post-conviction relief application which might properly have been raised on direct appeal, where no reasonable explanation is offered for petitioner's failure to present such issues." Wheby, having offered no such explanation, will not now be heard to complain of alleged errors, which existed at the time the appeal was in progress, the pursuit of which he voluntarily abandoned.

Accordingly, and under these circumstances, neither appointment of counsel nor briefing is warranted. Wheby's contention in the in *pro per* petition for post-conviction relief was not cognizable below; therefore, both the order vacating the original sentence and the order resentencing Wheby are null and void and are hereby, *sua sponte,* vacated. The original sentence imposed on Wheby is reinstated.