[No. 767.]

## J. S. DICKSON ET AL., RESPONDENTS, v. DANIEL G. CORBETT, APPELLANT.

APPEAL—FORECLOSURE OF MECHANIC'S LIEN.—Where a suit to foreclose a mechanic's lien is brought in a justice's court and appealed to the district court: *Held*, that an appeal lies from the district court to the Supreme Court.

MOTION to dismiss appeal.

The facts are stated in the opinion.

*R. M. Clarke*, for Respondents.

The justice's court had jurisdiction to try the cause. (Const., Art. VI, Sec. 8; 1 Comp. L., Sec. 137.)

The district court has final appellate jurisdiction in all cases arising in justices' courts. (Const., Art. VI, Sec. 6; 23 Cal. 114, 458; 42 Id. 35; 5 Id. 43.)

*Thomas H. Wells and T. W. W. Davies*, for Appellant.

I. Although the Constitution, Art. VI, Sec. 8, gives the legislature express power to confer upon the courts of justice of the peace "jurisdiction concurrent with the district courts of actions to enforce mechanics' liens wherein the amount (exclusive of interest) does not exceed three hundred dollars," and the legislature in the mechanic's lien law (Stats. 1875, 122) has conferred such concurrent jurisdiction, still, if such a case be begun in a justice's court, and appealed to a district court, the right of appeal from the district court to the Supreme Court exists. If it does not, it is simply because the action was instituted in a justice's instead of a district court; there being constitutionally concurrent jurisdiction, and the plaintiff having the right to elect, on commencing his action, in which of said courts it will be. As a logical sequence, he cannot, by electing to begin in a justice's court, thereby deprive the defendant of the right he would have had to appeal to the Supreme

Court, had the suit been begun in the district court instead of in the justice's court.

II. Had this suit been originally brought in the district court, could either party thereto, against whom a final judgment was given, have appealed therefrom to the Supreme Court? We think he most certainly could; and we base our conclusions on the following authorities and reasoning: The fourth section of the sixth article of the Constitution provides that "the Supreme Court shall have appellate jurisdiction in all cases in equity." This is an *equity* case. (See 7 Cal. 388; 5 Cal. 279; 23 Cal. 147.) It is specially so, as it is an action *in rem* as well as *in personam.* (23 Cal. 457.)

But the same section of the Constitution last above cited, after specifically enumerating certain cases "included in the general subdivisions of law and equity," in all of which it confers upon the Supreme Court appellate jurisdiction, adds to said enumeration and gives the same jurisdiction to the Supreme Court, also, in all other civil cases not included in the general subdivisions of law and equity.

By the Court, BEATTY, J.:

This is an action to foreclose a mechanic's lien, involving less than three hundred dollars, originally commenced in a justice's court, appealed to the district court, and appealed from the district court to this court. A motion is now made to dismiss the appeal upon the ground that it is not within our jurisdiction.

The Constitution (Art. VI, Sec. 4) confers upon this Court appellate jurisdiction in all cases in equity, in certain enumerated cases at law, and also in all other civil cases not included in the general subdivision of law and equity. The action to foreclose a mechanic's lien is certainly a civil case, and if it is not a case at law within the meaning of that term as used in the Constitution it necessarily must fall within one of the other two classes of cases in which this Court has appellate jurisdiction. Is it then a case at law? We think clearly not. Whether it be considered

with respect to the right or the mode of its enforcement by special and summary proceedings, it bears no analogy to the cases which belonged to the jurisdiction of the law courts. Both the right and the remedy are more analogous to the rights and remedies enforced and administered by the court of chancery. In California, in view partly of the peculiar language of their Constitution, it has been held to be a special case not included under either designation of "case at law" or "case in equity." (23 Cal. 144, 458.) It makes no difference really in the decision of this motion whether it is held to be a special case or a case in equity, for this Court would have jurisdiction in either event. It would seem, however, that the framers of the Constitution regarded and treated it as a case in equity, for in providing that the legislature may confer upon justices' courts a jurisdiction concurrent with that of the district courts in the action to foreclose mechanics' liens when the amount involved does not exceed three hundred dollars (Art. VI, Sec. 8), they clearly imply that jurisdiction in such cases has been conferred upon the district courts, and the district courts have no jurisdiction of cases involving demands of three hundred dollars or under except in equity cases; hence this must have been regarded as an equity case. But if this is not so, it can only follow that it is a special case, and, therefore, that appellate jurisdiction is conferred upon this Court irrespective of the amount involved. This, however, does not end the question; for in section 6 of the same article of the Constitution it is provided that the district courts shall have final appellate jurisdiction in cases arising in justices' courts. Now as this case did arise in a justice's court, and that by virtue of a law enacted in pursuance of an express provision of the Constitution, it would seem that the district court has appellate jurisdiction, and that its jurisdiction is final. If so, this Court has no jurisdiction, and two clauses of the Constitution are brought into direct conflict. In order to reconcile this conflict, we might say that the *final* appellate jurisdiction of the district courts, in cases arising in justices' courts, does not *ex vi termini*

embrace *all* such cases; but without resting our conclusion upon that ground, and admitting an irreconcilable conflict between the two provisions, we think there are good reasons for resolving the doubt in favor of our jurisdiction. In the first place, we would be sustained by the judgment of a co-ordinate branch of the government. The legislature has provided for appeals from the district court in cases brought into that court by appeal, which implies that its appellate jurisdiction is not final in all cases. (See 1 Comp. L., Sec. 1391.)

In the second place, our decision would be in favor of instead of denying a remedial procedure. In the third place, we should avoid the apparently absurd consequence involved in the opposite conclusion, that our jurisdiction depends upon the choice of the plaintiff in the case whether to commence his action in the district court or before a justice of the peace. Neither of these reasons, perhaps, is of much weight; but taken together, and with nothing to oppose them, they seem to be sufficient to turn the balance.

The motion to dismiss the appeal is denied.