[No. 767.]

## J. S. DICKSON AND WM. ANDERSON, RESPONDENTS, v. DANIEL G. CORBETT, APPELLANT.

FORECLOSURE OF MECHANIC'S LIEN—PLEADINGS.—Where the complaint states a case for relief, alleging that the work was done and the materials furnished at the special instance and request of one J. J. Bennett, the agent of the defendant, and where none of the allegations in the complaint were denied: *Held*, that a plea that "plaintiffs ought not to be allowed to maintain this action, for that on the — day of May, 1875, they obtained a judgment for the same debt against J. J. Bennett," constitutes no defense to the action.

IDEM.—The fact that plaintiffs recovered a judgment against Bennett only proves that Bennett made himself also personally liable on the contract which he entered into on behalf of his principal.

AGENCY, WHEN MUST BE DENIED.--The argument of appellant is, that Bennett was not his agent but his tenant, and had no authority to bind him or his estate: *Held*, that if this was true appellant should have alleged the facts in his answer.

MECHANIC'S LIEN—DESCRIPTION OF PREMISES.—Where the complaint described the property as a large building on certain lots in a certain block belonging to the defendant, together with a convenient space of land around the same: *Held*, that the description was sufficiently specific.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

This case was originally brought in the justice's court to foreclose a mechanic's lien upon the following described real estate, situate in the county of Ormsby, state of Nevada, and more fully described as follows, to wit: Being a large structure on block 66, lots 3, 4, 5, 6, 7 and 8 of Musser's Division of Carson city, opposite the United States mint, and belonging to D. H. Corbett, together with a convenient space of land around the same.

The other facts are stated in the opinion.

*Thomas H. Wells,* for Appellant.

I. Respondents had no right to maintain any action against appellant upon the cause of action herein alleged. Their original cause of action, their account, had been extinguished by their judgment obtained thereon against Bennett, in the justice's court, in which they proved, to the satisfaction of the court, that Bennett, not Corbett, was the one for whom they worked and who owed them the debt. When they sued Corbett on the same cause of action, they did not cancel, satisfy or release said judgment, or offer to do so, or pray that it be done, or plead any fraud or mistake, in the obtaining of it, which should relieve them from being bound by it. They cannot obtain a second judgment for the same debt while the first remains in full force and effect. It is apparent from the record that the lien, if they had the right to put one on anything, after suing and obtaining a judgment, might have been, and ought to have been, put upon the *interest,* the leasehold estate of Bennett, in the property set out in the lien.

II. The judgment is erroneous, because the record shows that no proof was ever offered to support the validity of the claim or of the lien. The judgment was rendered as if by default in a suit simply for money due on debt.

III. Section 14 of the lien act does not mean to give two remedies at one and the same time, in cases of this class, any more than in contract mortgage cases. It means that, though a party may have taken and filed his lien, he may, before suit brought to enforce, waive that remedy and bring his personal action to recover the debt. (27 Cal. 358; 32 Id. 176; 10 Id. 22; 30 Blkst. Com. 302.)

*Robert M. Clarke,* for Respondent.

Plea is not good. (Lien Law, Stat. 1875, p. 124, sec. 14; 16 Cal. 140; 2 B. Munroe, 257; 8 Id. 429; 4 Md. 269; 8 Johns, 361; 4 Md. Ch 75; 2 Id. 1.

By the Court, BEATTY, J.:

This is the same case in which a motion to dismiss the appeal was overruled at the January term, (10 Nev. 439.)

The appeal is from the judgment, and but one question arises upon the record: Did the court err in sustaining the motion of plaintiffs for judgment on the pleadings?

The suit is to foreclose a mechanic's lien and was commenced in a justice's court. It is not pretended that the complaint does not state a case for the relief decreed. It alleges *inter alia* that the work was done and the materials furnished at the special instance and request of one J. J. Bennett, the agent of the defendant. No allegation of the complaint is denied in the answer, the defendant relying solely on the following plea: "Plaintiffs ought not to be allowed to maintain this action for that on the —— day of May, 1875, they obtained a judgment for the same debt against J. J. Bennett in this court." The defendant had judgment in the justice's court, but on appeal to the district court the plaintiffs recovered a judgment on the pleadings, from which the defendant appeals; and the sole question for our decision is whether the plea, admitting it to be true, avoids the original liability which the defendant has admitted by failing to deny the allegations of the complaint? We think it does not. The fact that plaintiffs have recovered a judgment against Bennett only proves that Bennett made himself also personally liable on the contract which he entered into on behalf of his principal, which he may have done by failing to disclose his agency or by the form of the contract. In such case Corbett is also liable, and an unsatisfied judgment against Bennett is no bar to an action against Corbett. Especially is this so when the object of this proceeding is not to obtain a personal judgment against Corbett, but to enforce the lien upon his property. He does not deny that his property was subject to the lien, but plants himself upon the bald proposition that the lien is extinguished by an unsatisfied judgment against his agent. We have been cited to no authority, and we know of none which supports such a view. Appellant suggests in his argument that Bennett was not his agent, but his tenant, and had no authority to bind him or his estate. If this is true, it should have been so stated in the answer. As the record

stands, Bennett's agency is admitted, and we can look to nothing else.

It is said to have been an error in the district court to make the decree without any testimony as to the part of the premises subject to the lien. But as to this matter, we think the complaint was sufficiently specific, and the decree follows it.

Judgment affirmed.