## ELEANOR WAUGH, APPELLANT, *v.* JOSEPH CASAZZA, RESPONDENT.

No. 5903

September 8, 1969        458 P.2d 359

*Paul J. Williams,* of Reno, for Appellant.

*Streeter, Sala & McAuliffe,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This action for unlawful detainer was commenced and tried in the justice's court, appealed and tried anew in the district court with the same result, and is now on appeal to this court. The respondent has moved to dismiss the appeal on the ground that this court lacks jurisdiction to consider it. We agree.

The appellant's contention that she enjoys a right to a double appeal rests mainly upon the 1876 case of Dickson v. Corbett, 10 Nev. 439. That case involved a suit to foreclose a mechanics lien for less than $300, was commenced in the justice's court, appealed and tried anew in the district court, and then appealed to the supreme court. There, as here, the respondent moved to dismiss the appeal. His motion was denied and the appeal entertained. The basic reason for doing so, however, was the existence of a statute [Vol. 1, Compiled Laws of Nev. § 1391, § 330] which specifically provided for appeals from the district court in cases brought into that court by appeal. The court wished to accommodate a co-ordinate branch of the government. Id. at 442. That statute was repealed long ago. Neither statute nor rule presently exists providing for an appeal to this court of a case brought to the district court by appeal. Whatever force Dickson v. Corbett, supra, once possessed has long since evaporated.

The district court has final appellate jurdisdiction in cases arising in the justice's court. Nev. Const. art. 6, § 6; NRS 3.190(2), and NJRCP 72–75 specifies how civil appeals are to be perfected. This action for unlawful detainer was properly commenced in the justice's court [Nev. Const. art. 6, § 8; NRS 40.410; NRS 4.370(h)] since the relationship of landlord and tenant existed. Accordingly, there was no need to

certify the matter to the district court for primary trial as an action involving title or possession to real estate. Fitchett v. Henley, 31 Nev. 326, 102 P. 865 (1909); NRS 66.070. The fact that the district court enjoys a concurrent jurisdiction over actions for unlawful detainer is irrelevant to the issue before us.

Appeal dismissed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.