JERRY J. HITTLET, APPELLANT, *v.* POLICE CHIEF, CITY OF RENO, WASHOE COUNTY, NEVADA, RESPONDENT.

No. 6279

September 18, 1970

474 P.2d 722

*Brown & Meredith,* of Reno, for Appellant.

*Clinton E. Wooster,* City Attorney, *Richard J. Legarza,* Assistant City Attorney, of Reno, for Respondent.

# OPINION

*Per Curiam:*

The appellant was arrested on November 11, 1969, and charged with the violation of Section 11.12.070(3) of the Reno Municipal Code.[1] He was immediately released on bail. On March 4, 1970, seeking to have a writ of habeas corpus serve as a substitute for the ordinary proceedings of the municipal court, he filed his petition for habeas corpus wherein he contended that he was unlawfully restrained of his liberty because that court was without jurisdiction to try him, and that his constitutional rights had been violated.[2]

At the hearing on the petition no evidence was adduced, but the judge of the district court dismissed the petition upon the ground that it was not the proper remedy. This appeal follows.

It is a settled principle of law that a writ of habeas corpus may not be used to interfere with or interrupt the orderly administration of the criminal laws by a competent court acting within its jurisidiction or as a substitute for the ordinary proceedings of a trial court.[3]

---

[1] 11.12.070   Disorderly person.   "(a) Every person is a vagrant who:

. . .

"(3) Is a pimp, panderer or procurer or lives in or about houses of prostitution;

. . .

"(b) Every vagrant is guilty of a misdemeanor."

[2] "In that: (a) That the Municipal Court is without jurisdiction for the reason that at the time of petitioner's arrest there did not exist any probable cause to believe that any crime or crimes had occurred, nor any probable cause to believe that the defendant had committed any such crimes as might have occurred.

"(b) That the imprisonment of the petitioner is unlawful and without reasonable and probable cause in that all evidence possessed by the City was seized pursuant to an unconstitutional questioning without having provided petitioner with any warning such as under the Miranda Rules that he had the right to remain silent and that anything he said could be used against him, nor of his right to the presence of counsel during questioning."

[3] 39 Am.Jur.2d, "Habeas Corpus," Sec. 20, citing several United States Supreme Court cases, reads: "The writ of habeas corpus is not intended as a substitute for the functions of the trial court. In the absence of exceptional circumstances, the orderly course of trial should

Here the appellant is attempting to nullify that principle of law and to depart from the regular course of criminal proceedings by securing from the district court, in advance, a decision on issues of law which the appellant can raise in the municipal court, with the right, if convicted, of an appeal and trial de novo in district court. Reno City Charter, Article XIV(3)(6); NRS 185.015; NRS Chapter 189.

Unless extraordinary circumstances exist, a writ of habeas corpus will issue only when all other adequate remedies have been exhausted. Cf. Cook v. State, 85 Nev. 692, 462 P.2d 523 (1969), and Prescott v. State, 85 Nev. 448, 456 P.2d 450 (1969).

The appellant has not exhausted his adequate remedy, i.e., a trial in municipal court. Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). We find no extraordinary circumstances to be present and affirm the order of the district court.

be pursued and the usual remedies exhausted before the writ is invoked. Habeas corpus is not ordinarily available in advance of trial to test the constitutionality of a statute under which the petitioner was indicted, or even to determining jurisidictional questions that may arise." Rodman v. Pothier, 264 U.S. 399, 68 L.Ed. 759, 44 S.Ct. 360 (1924); Jones v. Perkins, 245 U.S. 390, 62 L.Ed. 358, 38 S.Ct. 166 (1918); Henry v. Henkel, 235 U.S. 219, 35 S.Ct. 54, 59 L.Ed. 203 (1914); Johnson v. Hoy, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497 (1913); Glasgow v. Moyer, 225 U.S. 420, 32 S.Ct. 753, 56 L.Ed. 1147 (1912), and Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947).