THE CITY OF RENO, Appellant, v. RONALD EARL FORREST, Respondent.

No. 6242

THE CITY OF RENO, Appellant, v. GEORGE HENRY BRASE, Respondent.

No. 6243

THE CITY OF RENO, Appellant, v. JOHN ROBERT ARBOGAST, Respondent.

No. 6244

January 18, 1971                    479 P.2d 465

---

*Clinton E. Wooster,* City Attorney, and *Richard J. Legarza,* Assistant City Attorney, of Reno, for Appellant.

*Brown & Meredith,* of Reno, for Respondents.

**OPINION**

By the Court, MOWBRAY, J.:

These three appeals by the City of Reno are presented as a result of the district court's granting the three respondents-defendants' pretrial habeas applications and ordering them released from custody.

Respondent-defendant Arbogast was charged with pimping, a violation of Reno Municipal Code Section 11.12.070(a)(3).[1] Respondents-defendants Forrest and Brase were charged

---

[1]Reno Municipal Code, § 11.12.070(a)(3):

"11.12.070 *Disorderly person.* (a) Every person is a vagrant who:

" . . .

"(3) Is a pimp, panderer or procurer or lives in or about houses of prostitution;"

with soliciting prostitution, a violation of Reno Municipal Code Section 11.12.330(1).[2]

The habeas petitions were predicated on four grounds:

(1) There did not exist probable cause to believe that an offense had been committed.

(2) The Reno Municipal Code sections under which the petitioners were charged are unconstitutional and void.

(3) The petitioners' imprisonments were unlawful, in that the evidence possessed by the City was seized pursuant to an unconstitutional entrapment.

(4) The evidence possessed by the City was obtained from the petitioners without first having provided the petitioners with the Miranda warning.

On the appeal, however, we are concerned with grounds (1) and (2) only, as counsel for the respondents has conceded that grounds (3) and (4) may not be challenged by habeas.[3] We turn to consider grounds (1) and (2).

Ground (1) is an attempt to test probable cause, by habeas, in a misdemeanor case. The recent case of Hittlet v. Police Chief, City of Reno, 86 Nev. 672, 474 P.2d 722 (1970), is dispositive of this issue. There this court said:

"It is a settled principle of law that a writ of habeas corpus may not be used to interfere with or interrupt the orderly administration of the criminal laws by a competent court acting within its jurisdiction or as a substitute for the ordinary proceedings of a trial court.

"Here the appellant is attempting to nullify that principle of law and to depart from the regular course of criminal proceedings by securing from the district court, in advance, a decision on issues of law which the appellant can raise in the municipal court, with the right, if convicted, of an appeal and trial de novo in district court. Reno City Charter, Article XIV(3)(6); NRS 185.015; NRS Chapter 189.

"Unless extraordinary circumstances exist, a writ of habeas corpus will issue only when all other adequate remedies have been exhausted. Cf. Cook v. State, 85 Nev. 692, 462 P.2d 523

---

[2]Reno Municipal Code, § 11.12.330(1):

"11.12.330 *Prostitution and pandering offenses.* It shall be unlawful in the city:

"(1) For any person to commit, or offer, or agree to commit, an act of prostitution, or for any person to offer to secure, or to secure, another for the purpose of prostitution;"

[3]The orders of the district court granting the habeas petitions did not specify upon which of the grounds enumerated, supra, the orders were based.

(1969), and Prescott v. State, 85 Nev. 448, 456 P.2d 450 (1969).

"The appellant has not exhausted his adequate remedy, i.e., a trial in municipal court. . . ."

It is our ruling that the issue of probable cause may not be tested by habeas in advance of the misdemeanor trial.

Ground (2) challenges the constitutionality of the ordinances. Habeas is available to test the constitutionality of an ordinance or statute.[4] See Ex parte Philipie, 82 Nev. 215, 414 P.2d 949 (1966); Ex parte Kair, 28 Nev. 127, 80 P. 463 (1905); Ex parte Boyce, 27 Nev. 299, 75 P. 1 (1904); Ex parte Rosenblatt, 19 Nev. 439, 14 P. 298 (1887). However, in the instant case, counsel for the respondents declared in oral argument that he did not challenge the constitutionality of the ordinances on their face, but rather as they apply to the facts in these particular cases.[5] Since the facts are not before us, we cannot resolve the issue. As a result, we find no basis for the granting of the habeas petitions.

We therefore reverse the orders of the district court, and we order the respondents-defendants to stand trial on the charges facing them.

Zenoff, C. J., Batjer and Thompson, JJ., and Mann, D. J., concur.

---

[4]Footnote 3 in Hittlet, supra, is misleading. While it states the general rule in the federal jurisdictions, it is not the law of Nevada.

[5]During oral argument before this court on December 16, 1970:

Question by the Court: "Then you are not challenging the constitutionality of the ordinances on their face?"

Answer by Mr. Byron K. Meredith, counsel for respondents: "No, not on the face of the ordinances—only as they [the ordinances] apply to the facts of these cases."