708 P.2d 322

**STATE of New Mexico, ex rel. George SULLIVAN, Warden of the Penitentiary of New Mexico, Petitioner,**

v.

**Honorable Bruce E. KAUFMAN, District Judge, Respondent.**

**No. 15763.**

Supreme Court of New Mexico.

Oct. 28, 1985.

Paul Bardacke, Atty. Gen., G.T.S. Khalsa, Asst. Atty. Gen., Santa Fe, for petitioner.

Alice Hector, Albuquerque, Janet Clow, Chief Public Defender, Lewis Fleishman, Asst. Appellate Defender, Santa Fe, for real party in interest.

Martha A. Daly, Mark Donatelli, Santa Fe, for respondent.

## OPINION

FEDERICI, Chief Justice.

The State petitioned this Court for a writ of prohibition directed to the Honorable Judge Bruce Kaufman (respondent), a district judge of the First Judicial District. The State seeks to prevent respondent from holding an evidentiary hearing in a habeas corpus proceeding because a different district court has already conducted a full evidentiary hearing on the same alleged facts and legal issues pursuant to a post-conviction motion for relief under NMSA 1978, Crim.P.Rule 57 (Repl.Pamp. 1980). We previously granted an alternative writ, allowing the matter to be briefed and orally argued. The writ of prohibition is now made permanent. We agree with the State's position that a district court is without jurisdiction to grant an evidentiary hearing, pursuant to a petition for writ of habeas corpus, when a different district court has previously conducted a full evidentiary hearing on the same alleged facts and issues pursuant to a Rule 57 post-conviction motion for relief.

The prisoner, William Smith, was convicted in the Second Judicial District of two counts of first degree murder. On direct appeal, this Court affirmed those convictions. *State v. Smith*, 92 N.M. 533, 591 P.2d 664 (1979). Smith then filed a post-conviction motion for relief in the sentencing court, pursuant to Rule 57. The sentencing court granted a hearing on the motion and, after a full hearing, denied the motion. Smith next petitioned for a writ of habeas corpus in the district court of the First Judicial District, where he was incarcerated. In his petition for writ of habeas corpus Smith alleged the same facts, and raised the same issues and grounds for relief, as he had in the earlier Rule 57 motion. He contends that the sentencing court was "unfair" in denying his Rule 57 motion. The State filed a motion to preclude an evidentiary hearing at the habeas corpus proceeding, which was denied by respondent. At that point the State sought a writ of prohibition directed to respondent.

NMSA 1978, Crim.P.Rule 57 sets out the procedure by which a prisoner can attack the validity of his sentence in the district court which sentenced him. Rule 57 was adopted indirectly from the analogous federal post-conviction remedy, 28 U.S.C. Section 2255 (1982). NMSA 1978, Crim.P.R. 57 committee commentary (Rule 57 was

**412**

derived from proposed rules to govern proceedings under 28 U.S.C. Section 2255); *State v. Canales,* 78 N.M. 429, 432 P.2d 394 (1967) (NMSA 1953, Civ.P.Rule 93, the predecessor to Rule 57, was adopted from 28 U.S.C. Section 2255). The federal remedy, Section 2255, was enacted in response to a dramatic rise in the number of habeas corpus petitions filed in the federal courts. *United States v. Hayman,* 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *see also* Annot., 41 L.Ed.2d 1193 (1975). This increased volume of habeas corpus petitions put an extraordinary burden on the courts of those districts where large federal prisons are located. It also meant that witnesses and lawyers often had to travel great distances, from the district in which a petitioning prisoner was tried and sentenced to the district where he was incarcerated. *Id.* Section 2255, accordingly, provided in the sentencing court a remedy "exactly commensurate" with the remedy which had previously existed, by habeas corpus, in the court of the district where a prisoner was confined. *Hill v. United States,* 368 U.S. 424, 427, 82 S.Ct. 468, 470, 7 L.Ed.2d 417 (1962). Subsequently individual states, likewise faced with an increasing volume of habeas corpus petitions in their courts, adopted post-conviction remedies similar to Section 2255, with the same purpose of simplifying and streamlining the post-conviction process. *See, e.g., Marshall v. Warden, Nevada State Prison,* 83 Nev. 442, 434 P.2d 437 (1967); *Holt v. Morris,* 84 Wash.2d 841, 529 P.2d 1081 (1974), *overruled in part on other grounds in Wright v. Morris,* 85 Wash.2d 899, 540 P.2d 893 (1975). *See also* NMSA 1978, Crim.P.R. 57 committee commentary (main purpose of Rule 57 "is to provide a uniform procedure for determining if the prisoner is entitled to relief").

It is clear that under circumstances such as exist in this case, a federal district court could not entertain the habeas corpus petition of a federal prisoner after another district court had denied the prisoner's Section 2255 motion raising the same grounds for relief. *E.g., Boyden v. United States,* 463 F.2d 229 (9th Cir.1972), *cert. denied,* 410 U.S. 912, 93 S.Ct. 974, 35 L.Ed.2d 274 (1973); *Stirone v. Markley,* 345 F.2d 473 (7th Cir.), *cert. denied,* 382 U.S. 829, 86 S.Ct. 67, 15 L.Ed.2d 73 (1965); *Haynes v. Ciccone,* 248 F.Supp. 898 (W.D.Mo.1965). *See also* 3 C. Wright, *Federal Practice and Procedure: Criminal* § 591 (2d ed. 1982). Section 2255 contains language indicating that it is the exclusive remedy, in cases in which its use is authorized, unless it is "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255. The federal courts have established that the fact that the sentencing court has denied a prisoner's Section 2255 motion does not make that remedy "inadequate or ineffective," even if the sentencing court was allegedly erroneous or biased in denying the Section 2255 motion. *E.g., Boyden v. United States; Haynes v. Ciccone.* Such errors should be corrected by the appellate courts, and not by another district court. *Id.* "The court for the district in which the prisoner is confined cannot be permitted to second guess the sentencing court, and the court of appeals to which it is responsible." 3 C. Wright, *Federal Practice and Procedure: Criminal* § 591, at 427.

Because Section 2255 provides a remedy "exactly commensurate" with that which had been afforded by habeas corpus, *Hill v. United States,* 368 U.S. at 427, 82 S.Ct. at 471, this substitution of Section 2255 for habeas corpus as the exclusive remedy, in cases in which its use is authorized, is not an unconstitutional suspension of the writ of habeas corpus. *Swain v. Pressley,* 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977); *United States v. Hayman,* 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952).

The state courts have split over whether their sentencing-court post-conviction remedies provide a prisoner's exclusive remedy, displacing habeas corpus, or provide an alternative remedy in addition to habeas corpus. *Compare Marshall v. Warden, Nevada State Prison* (post-conviction remedy in sentencing court does not displace habeas corpus), *with Atkeson v. Cupp,* 68 Or.App. 196, 680 P.2d 722 (1984)

(sentencing-court post-conviction remedy is exclusive, superseding habeas corpus). Unlike the federal Section 2255, New Mexico's Rule 57 does not contain express language indicating that it is a prisoner's exclusive remedy unless it is inadequate to test the legality of detention. A district court's order on a Rule 57 motion also differs from a court order under Section 2255 in that it is not an appealable order. NMSA 1978, Crim.P.R. 57(a). This Court, therefore, does not hold that a writ of habeas corpus in district court is unavailable to any prisoner for whom a Rule 57 proceeding is available. We do hold, however, that to the extent a habeas corpus petition raises matters already heard by a different court in a Rule 57 hearing, the habeas court may not rehear those matters and is bound by the already-established record. The very purpose of Rule 57 of providing an efficient, uniform procedure for testing the legality of a sentence would be defeated if the district courts for the districts where prisoners are confined were permitted to rehear, at their discretion, matters already heard by Rule 57 motion in the sentencing courts. Also, the awkwardness and confusion that would result from allowing one district court to second-guess another is as much to be avoided in the state judiciary as in the federal judiciary. *See People ex rel. Wyse v. District Court*, 180 Colo. 88, 503 P.2d 154 (1972); *Hittlet v. Police Chief, City of Reno*, 86 Nev. 672, 474 P.2d 722 (1970).

As we interpret the cases cited by respondent and Smith in opposition to this petition they hold that the *sentencing court* may, and in certain limited circumstances must, hold evidentiary hearings on successive post-conviction motions for relief. *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *State v. Canales. See also* NMSA 1978, Crim.P.R. 57(b)(3). It does not follow that a *different* district court may or must hold an evidentiary hearing on matters already heard in the sentencing court because it is designated as a habeas corpus hearing. On the con-

trary, these cases suggest that if, after an unsuccessful Rule 57 motion and habeas corpus petition in the district courts, a prisoner could make a sufficient showing to this Court that his Rule 57 hearing was unfairly conducted, this Court could order a new hearing in the sentencing court.

 We conclude that respondent is without jurisdiction to grant an evidentiary hearing in the instant case. The writ of prohibition against respondent is granted and made permanent.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, STOWERS and WALTERS, JJ., concur.