An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARSHALL BURGESS, JR.,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 61678

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## *ORDER OF REVERSAL AND REMAND*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus (prison disciplinary).[1] Seventh Judicial District Court, White Pine County; Dan L. Papez, Judge.

In his petition, filed on August 17, 2011, appellant challenged, among other things, the process afforded in disciplinary proceedings that resulted in his forfeiture of statutory good-time credits. The district court granted the State's motion to dismiss the petition for failure to exhaust administrative remedies. We conclude that the district court erred in failing to consider the petition on its merits.

Because statutory credits affect the computation of time served, appellant's petition was governed by the post-conviction provisions of NRS 34.720-.830. *See* NRS 34.724(2)(c). Those provisions do not condition the availability of habeas review on the exhaustion of

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21594

administrative remedies. Rather, had the legislature so intended, it could have included a requirement to exhaust administrative remedies as it did in the context of inmate tort actions. *See* NRS 41.0322. We therefore conclude that the district court erred in dismissing the petition for failure to exhaust administrative remedies. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[2]The cases relied on by the district court in dismissing the petition were inapposite. *Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 170 P.3d 989 (2007), sounded in contract law, while the court in *Hittlet v. Police Chief City of Reno*, 86 Nev. 672, 474 P.2d 722 (1970), declined to reach the merits of a pretrial habeas petition not because appellant failed to exhaust administrative remedies but rather because he had an adequate legal remedy in the form of a direct appeal.

We have considered all proper person documents filed or received in this matter. We conclude that appellant is only entitled to the relief described herein.

cc:     Hon. Gary Fairman, District Judge
         Marshall Burgess, Jr.
         Attorney General/Carson City
         White Pine County Clerk