An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DAVID ROY STILWELL,<br>Appellant,<br>vs.<br>CITY OF NORTH LAS VEGAS AND<br>CITY OF BOULDER CITY,<br>Respondents. | No. 59735 |
| DAVID ROY STILWELL,<br>Appellant,<br>vs.<br>CITY OF BOULDER CITY AND CITY<br>OF NORTH LAS VEGAS,<br>Respondents. | No. 59736 |

**FILED**

SEP 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DISMISSING APPEALS*

These are consolidated appeals from a district court order denying attorney fees under NRS 176.115 in district court appeals from municipal court judgments of conviction. Eighth Judicial District Court, Clark County; J. Charles Thompson, Judge.

David Stilwell was twice ticketed and twice convicted in non-record municipal courts of riding a motorcycle without wearing proper headgear in violation of NRS 486.231, a misdemeanor. He appealed his convictions to district court for trial anew as provided by NRS 5.073(1) and NRS 266.595. Rather than try the charges de novo in district court, the prosecution dismissed them with prejudice. It also refunded the fines and costs Stillwell had paid to exonerate bail and appeal his convictions. Thereafter, the district court issued remittiturs, returning the cases to their municipal courts of origin.

13-26994

Stilwell moved the district court for his attorney fees and court costs, citing NRS 176.115,[1] which reads in full as follows:

> 1. In all cases of criminal prosecution where the defendant is not found guilty, the court may require the complainant, if it appears that the prosecution was malicious or without probable cause, to pay the costs of the action, or to give security to pay the same within 30 days.
>
> 2. If the complainant does not comply with the order of the court, judgment may be entered against the complainant for the amount thereof.
>
> 3. Such judgments may be enforced and appealed from in the same manner as those rendered in civil actions.

Stillwell argued that Nevada's helmet law is unconstitutionally indeterminate and that his ticketing and prosecution were without probable cause and malicious, entitling him to recover attorney fees as "costs of the action" under NRS 176.115. The district court disagreed. In its view, the municipal court convictions provided prima facie evidence of probable cause, see *Chapman v. City of Reno*, 85 Nev. 365, 369, 455 P.2d 618, 620 (1969), and malice was not independently claimed.[2] Because the district court denied Stillwell's motion for fees on this basis, it did not answer the statutory construction questions of whether NRS 176.115 authorizes attorney fees to be awarded as a subset of "costs of the action,"

---

[1]He simultaneously brought suit in federal court. The federal cases are not relevant to this appeal.

[2]Acknowledging Stillwell's request for an evidentiary hearing on entitlement to fees, the district court invited him to make an offer of proof. The offer of proof focused on the prosecution's dismissals following appeal, not the specifics of the charged offenses themselves.

or who the "complainant" is. The district court also rejected Stillwell's argument that dismissing the charges after they were appealed itself evidenced malice and lack of probable cause. From these orders, Stilwell appeals.

Article 6, Section 6 of the Nevada Constitution states that district courts "have final appellate jurisdiction in cases arising in . . . inferior tribunals as may be established by law." This court has repeatedly held that "[d]istrict courts have final appellate jurisdiction in cases arising in municipal courts," such that a municipal court conviction, once appealed to and decided by the district court, "is not subject to further review by appeal to this court." *Tripp v. City of Sparks*, 92 Nev. 362, 363, 550 P.2d 419, 419 (1976); *see Waugh v. Casazza*, 85 Nev. 520, 521, 458 P.2d 359, 359-60 (1969) (noting appeal to Supreme Court from district court's review of justice court decision is improper, though there may be an exception if such an appeal is provided for by statute). This rule applies even when the district court reverses the municipal court, meaning its decision escapes direct appellate review. *Compare City of Las Vegas v. Carver*, 92 Nev. 198, 198, 547 P.2d 688, 688 (1976) (rejecting appeal by city from district court judgment reversing municipal court conviction and holding, "[w]e have no jurisdiction for appellate review of a district court judgment, which has been entered on an appeal from a municipal court"), *with Tripp*, 92 Nev. at 362, 550 P.2d at 419 (holding this court lacks jurisdiction to hear appeal by defendant whose municipal court conviction was upheld by the district court).

Nevada's Constitution and these cases are directly controlling here. Stilwell's cases originated in the municipal courts and were heard

by the district court on appeal. The district court's appellate jurisdiction is final, and this court therefore lacks jurisdiction to hear them.

Stilwell argues that the above cases do not apply because in each, the inferior court and then the district court decided the issue on the merits, whereas here the municipal courts convicted Stillwell and so did not entertain his fee requests. But this is a distinction without a difference. If Stillwell had established that his ticketing and prosecution lacked probable cause and were malicious, NRS 176.115 would have been equally available to him in municipal as district court. While the prosecution's dismissal of the charges in district court may have strengthened Stillwell's claim to fees and costs, it did not change his fundamental position that the charges lacked probable cause and were malicious—claims he asserted both in municipal and district courts. Exercising its appellate jurisdiction, the district court rejected these claims based on the municipal court convictions and Stillwell's offer of proof. Here, as in *Carver*, "[w]e have no jurisdiction for appellate review of a district court judgment, which has been entered on an appeal from a municipal court," and, as for Stillwell's constitutional claims, his "remedy, if any, would have been to timely petition for certiorari, under NRS 34.020(3)." 92 Nev. at 198-99, 547 P.2d at 688.

As a fallback, Stillwell argues that NRS 176.115(3) licenses this appeal. But this argument is clearly wrong. Subparagraph 1 of NRS 176.115 authorizes an order directing "the complainant" to pay the "costs of the action . . . within 30 days" if the defendant is "not found guilty" and it appears "the prosecution was malicious or without probable cause"; subparagraph 2 provides that, if "the complainant" does not timely comply with the order, "judgment may be entered against the complainant for the

amount thereof"; and subparagraph 3 provides that "*[s]uch* judgments may be enforced and appealed from in the same manner as those rendered in civil actions." (Emphasis added.) "Such judgment[ ]" in subparagraph 3 refers back to its antecedent in subparagraph 2—the judgment subparagraph 2 says can be entered against a complainant who flouts an order entered pursuant to subparagraph 1 to pay the "costs of the action" within 30 days. As written, NRS 176.115 does not create an additional right of appeal in favor of a defendant who unsuccessfully seeks costs and has already been afforded a right of appeal. *See Blackburn v. State*, 129 Nev. ___, ___, 294 P.3d 422, 425 (2013) (in interpreting a statute, "[o]ur analysis begins and ends with the statutory text if it is clear and unambiguous").

This court does not have jurisdiction to hear the case. Accordingly, we

ORDER these consolidated appeals DISMISSED.

_____, C.J.
Pickering

_____, J.          _____, J.
Gibbons                                Hardesty

_____, J.          _____, J.
Parraguirre                            Douglas

_____, J.          _____, J.
Cherry                                 Saitta

cc: Chief Judge, The Eighth Judicial District Court
Hon. J. Charles Thompson, Senior Judge
Gallian Welker & Beckstrom, LC
Marquis Aurbach Coffing
Boulder City Attorney
North Las Vegas City Attorney
City of North Las Vegas City Attorney's Office
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A