# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSHUA MASTERS,
Petitioner,

vs.

THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,

and

CITY OF LAS VEGAS,
Real Party in Interest.

JOSHUA LEE MASTERS,
Appellant,

vs.

CITY OF LAS VEGAS,
Respondent.

No. 69582

FILED

MAR 1 7 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

No. 69602

## *ORDER DENYING PETITION (DOCKET NO. 69582) AND ORDER DISMISSING APPEAL (DOCKET NO. 69602)*

Docket No. 69582 is an original petition for a writ of habeas corpus challenging the constitutionality of NRS 484C.110. Docket No. 69602 is an appeal from a district court order affirming a misdemeanor conviction. We elect to consolidate these cases for disposition.

*Docket No. 69582*

Joshua Masters did not submit an appendix with his petition. *See* NRAP 21(a)(4), (c); *see also Dir., Nev. Dep't of Prisons v. Arndt*, 98 Nev. 84, 85-86, 640 P.2d 1318, 1319 (1982) (recognizing the writ of habeas corpus as an extraordinary writ). Thus, he has failed to demonstrate that he is entitled to relief.

Moreover, a petition for a writ of habeas corpus will not issue when an adequate remedy exists, save for extraordinary circumstances.

*See City of Reno v. Forrest*, 87 Nev. 6, 8-9, 479 P.2d 465, 466 (1971). Masters appears to have an adequate remedy at law, *see* NRS 34.020(3); *Stilwell v. City of N. Las Vegas*, 129 Nev., Adv. Op. 76, 311 P.3d 1177, 1178-79 (2013), and he fails to demonstrate extraordinary circumstances warranting our intervention.

Furthermore, Master's underlying argument is premised on there being two versions of NRS 484C.110 currently in effect. This is a meritless argument. While two NRS 484C.110 statutes are currently listed, each contains an effective date in the title, ensuring that the statutes cannot simultaneously be in effect.[1] *See Minor Girl v. Clark Cty. Juvenile Court Servs.*, 87 Nev. 544, 548, 490 P.2d 1248, 1250 (1971). Accordingly, we deny the petition.[2]

*Docket No. 69602*

As to the appeal in Docket No. 69602, we lack jurisdiction because Master's case arose in the municipal court and the district court has final appellate jurisdiction over a case arising in the municipal court. Nev. Const. art. 6, § 6; NRS 5.073(1); NRS 266.565(1); NRS 266.595; *Tripp*

---

[1]The first NRS 484C.110 states that it is "[e]ffective *until* the date of the repeal of the federal law requiring each state to make it unlawful for a person to operate a motor vehicle with a blood alcohol concentration of 0.08 percent or greater as a condition to receiving federal funding for the construction of highways in this State," while the second NRS 484C.110 states that is "[e]ffective *on* the date of the repeal of the federal law." (Emphasis added).

[2]We deny Master's motion to withdraw the petition.

*v. City of Sparks*, 92 Nev. 362, 363, 550 P.2d 419, 419 (1976). Accordingly, we dismiss the appeal in Docket No. 69602.[3]

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Rob Bare, District Judge
       Mueller Hinds & Associates
       Las Vegas City Attorney
       Eighth District Court Clerk

---

[3]In his response to the order to show cause, Masters stipulated to the dismissal of the appeal.