# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEPHEN CARR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72005

**FILED**

NOV 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of failure to stop required on signal of a police officer, and failure to stop required on signal of a police officer while under the influence of intoxicating liquor. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Stephen Carr contends (1) his misdemeanor trial and felony preliminary hearing were improperly joined into a single proceeding, (2) the State failed to timely disclose exculpatory reports in violation of NRS 171.1965 and *Brady v. Maryland*, 373 U.S. 83 (1963), and (3) his convictions are not supported by sufficient evidence. We disagree, and for the following reasons affirm the judgment of the district court.

*Appellate jurisdiction over justice court's final judgment*

At the outset, we note that this court lacks jurisdiction to consider an appeal from the final judgment of a district court when it hears an appeal from a final judgment of a justice court. *Waugh v. Casazza*, 85 Nev. 520, 521, 458 P.2d 359, 360 (1969). "The District Courts . . . of this State . . . have final appellate jurisdiction in cases arising in Justices Courts . . . ." Nev. Const. art 6, § 6; *see also* NRS 177.015 ("The party aggrieved in a criminal action may appeal only . . . [t]o the district court of the county from a final judgment of the justice court."). Accordingly,

SUPREME COURT
OF
NEVADA

(O) 1947A

18-904425

appellant's appeal of the justice court's final judgment must be heard by the district court, and indeed, it appears appellant filed an appeal of the underlying misdemeanor judgment in the appropriate district court. The district court dismissed that appeal, and the district court's dismissal constitutes the final word on this issue. Notwithstanding our lack of jurisdiction over the district court's ruling on appellant's appeal of his misdemeanor conviction, the instant appeal also raises separate questions regarding the permissibility of joinder of criminal charges and the effects of that joinder on subsequent district court proceedings. These questions are properly before this court and are addressed herein.

*Appellant has failed to demonstrate he was prejudiced by joinder of his misdemeanor DUI trial and preliminary hearing on felony charges*

Appellant was charged with two felony counts of stop required on signal of a police officer, two felony counts of battery with use of a deadly weapon, and one misdemeanor count of driving and/or being in actual physical control of a vehicle while under the influence of intoxicating liquor. Appellant was found guilty of the misdemeanor DUI charge after a joint misdemeanor trial and preliminary hearing held in justice court. At a subsequent trial on the felony charges in district court, a jury found appellant guilty on both counts of stop required on signal of a police officer. Appellant now argues on appeal that his misdemeanor trial and felony preliminary hearing were improperly joined. We disagree.

We have held that in order to prevail on a claim of improper joinder, "an appellant has the heavy burden of showing that the [trial] court abused its discretion," and that the trial court's decision not to sever is reversible "only if the [joinder] has a substantial and injurious effect on the jury's verdict." *See Middleton v. State*, 114 Nev. 1089, 1108, 968 P.2d 296,

 

309 (1998) (internal quotation marks omitted). We have held further that "[t]he test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *See Honeycutt v. State*, 118 Nev. 660, 667, 56 P.3d 362, 367 (2002) (internal quotation marks omitted), *overruled on other grounds by Carter v. State*, 121 Nev. 759, 121 P.3d 592 (2005).

Appellant contends that joinder of the misdemeanor trial and felony preliminary hearing forced him to waive his right against self-incrimination because his testimony in the earlier proceeding was used against him during the subsequent trial. We rejected a similar argument in *Honeycutt*, noting that even where two counts are joined, "[c]riminal defendants routinely face a choice between complete silence and presenting a defense. This has never been thought an invasion of the privilege against compelled self-incrimination." *Id.* at 669, 56 P.3d at 368. Appellant's argument fails to consider that even if the two proceedings were bifurcated, the State would nevertheless be entitled to introduce any testimony offered during the preceding misdemeanor trial in the subsequent felony trial. *See* NRS 51.035(3)(a) (explaining that a statement made by a party and offered against that party will not be excluded as hearsay). Simply stated, had the justice court bifurcated the two proceedings, appellant would have found himself in the same situation of having to decide between silence and presenting a defense. Moreover, appellant has not identified any specific testimony offered during the joint misdemeanor trial/preliminary hearing that he believes was prejudicial to him at the subsequent district court trial. It is not evident from the record what testimony appellant contends was coerced by the joinder of the first two proceedings in justice court.

Appellant also argues that *Honeycutt* should be distinguished from the underlying case, because the joinder at issue here combined a misdemeanor trial and a preliminary hearing while the joinder in *Honeycutt* combined multiple charges at the same trial. Appellant offers no authority to support this argument, other than the proposition that "a defendant should be able to testify at the most serious trial first." We are not persuaded that this proposition, without more, adequately meets the appellant's "heavy burden of showing that the [trial] court abused its discretion" in declining to bifurcate the proceedings. *Middleton*, 114 Nev. at 1108, 968 P.2d at 309 (internal quotation marks omitted).

*The State satisfied its statutory and constitutional exculpatory disclosure requirements*

Appellant next contends that the State violated NRS 171.1965(1)(a) and *Brady v. Maryland*, 373 U.S. 83 (1963), because it failed to disclose "blue team reports" prior to the preliminary hearing/misdemeanor trial. Appellant's argument is not persuasive. The disclosure requirements in NRS 171.1965 are limited and relate only to material that is *"within the possession or custody* of the prosecuting attorney."  (Emphasis added). The State asserts, and appellant acknowledges, that the requested reports were not in the State's possession at the joint hearing, and that the State ultimately provided them to appellant prior to the felony trial. Thus, the State complied with its statutory obligation to provide the reports once the material was *in its possession*. Moreover, this court has held that *Brady* does not impose a special burden on the State to assist the defense in investigating for exculpatory evidence, but rather is under an obligation to disclose only that which is in its possession. *See Steese v. State*, 114 Nev. 479, 491, 960 P.2d

321, 329 (1998) ("Due process requires the State to preserve material evidence. However, this presupposes that the State has possession and control of the evidence at issue." (internal citation omitted)). Because the State provided the reports to appellant once they were in the State's possession, we reject appellant's argument that the State failed to meet its duty to disclose exculpatory evidence.[1]

*Sufficient evidence supports the jury's verdict*

Appellant also argues the State presented insufficient evidence to support the district court jury verdict on the failure to stop on signal charges under NRS 484B.550. Appellant's argument is not persuasive. In reviewing a challenge to sufficiency of evidence offered at trial, we determine, in a light most favorable to the prosecution, whether "*any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*" *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008) (internal quotation marks omitted). It is the function of the jury, not this court, to weigh the trial evidence and evaluate the credibility of witnesses, and in a criminal case, "a verdict supported by substantial evidence will not be disturbed by a reviewing court." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Appellant cites primarily to trial

---

[1]We note that NRS 174.235 governs discovery in preparation for trial and provides a defendant, in preparing for trial, broader access to information held by the State than is provided in NRS 171.1965(1)(a) at the preliminary hearing phase. When a trial is held at the same time as a preliminary hearing, a discovery request pursuant to NRS 174.235 is valid and must be complied with prior to trial. Here, however, no objection that the State failed to comply with either statute was made during the joint proceedings.

testimony that drivers "occasionally do not notice the lights and sirens" of police vehicles, as well as to factual disputes raised during trial regarding whether his vehicle was capable of making a U-turn and whether the pursuing officer followed department protocol. Despite this testimony and dispute of facts, a rational trier of fact could have found that appellant willfully failed or refused to stop when signaled to do so by a police officer based on other evidence presented. Additional testimony during the felony trial showed appellant did not stop for nearly three minutes while police pursued him with their lights and sirens on. Appellant's own expert witness also testified that the pursuit lasted approximately three minutes and that appellant failed to stop when pursued by the police. Moreover, testimony was offered that appellant struck a pursuing officer's vehicle twice before the pursuit concluded. The jury was presented with the weight of this evidence at trial and rendered its verdict. There is enough in the record for a rational trier of fact to find that appellant willfully disregarded police signals. Thus, we are not persuaded that appellant has met the heavy burden of showing that the evidence at trial was insufficient, and we will neither reweigh the evidence nor reevaluate the credibility of the trial witnesses.

Appellant has failed to show that joinder of the misdemeanor trial with the felony preliminary hearing was an abuse of discretion or prejudicial. Further, the State met its exculpatory disclosure requirements, and sufficient evidence supports the district court jury verdict in appellant's

felony trial.[2]  Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Mueller Hinds & Associates
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[2]Appellant also raises a cumulative error claim on appeal.  In evaluating a claim for cumulative error, we consider "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000).  Because appellant has failed to assert any meritorious claims of error, his cumulative error argument is not persuasive.

Supreme Court
OF
Nevaoa

(O) 1947A

CHERRY, J., dissenting:

I dissent from the majority's determination that the joinder of a misdemeanor trial and preliminary hearing is within the district court's discretion. First, both of the cases cited by the majority deal with the joinder of felony charges within a trial. *See, e.g., Honeycutt v. State,* 118 Nev. 660, 667, 56 P.3d 362, 367 (2002) (permitting the joinder of solicitation to commit murder, sexual assault, and kidnapping charges), *overruled on other grounds by Carter v. State,* 121 Nev. 759, 765, 121 P.3d 592-596 (2005); *Middleton v. State,* 114 Nev. 1089, 1108, 968 P.2d 296, 309 (1998) (permitting the joinder of kidnapping and murder charges involving two different victims). Neither of these cases speak to the unique concerns raised by joining a misdemeanor trial with the preliminary hearing of a felony; proceedings that serve different purposes, have different burdens of proof, and have very different consequences.

While *Honeycutt* approved of the practice of maintaining joinder where a defendant wished to waive his right to testify as to less than all of the joined charges, 118 Nev. at 669, 56 P.3d at 368, this court was not faced with the underlying circumstances, where two very different legal proceedings were happening simultaneously. Requiring the parties to argue identical facts under two burdens of proof simultaneously, at the very least, clouds the issue of which facts were proven beyond a reasonable doubt, which satisfied probable cause, and which were established under both. After all, a "preliminary hearing is not a trial and the issue of the defendant's guilt or innocence is not a matter before the court." *State v. Justice Court of Las Vegas Twp.,* 112 Nev. 803, 806, 919 P.2d 401, 402 (1996). Here, however, the misdemeanor trial required the justice court to

SUPREME COURT
OF
NEVADA

(O) 1947A

make findings beyond a reasonable doubt on facts that were at issue in the preliminary hearing and would subsequently be at issue at the defendant's trial in the district court.

This is to say nothing of the fact that imposing two different burdens of proof simultaneously made the calculus as to whether Carr should have waived his right against self-incrimination impossible. Should he have asserted his right in order to meaningfully contest his misdemeanor trial? Or would it have been wiser to remain silent and force the State to produce evidence establishing probable cause? Simultaneously imposing two different burdens of proof placed Carr at a significant disadvantage and imposed a cruel catch-22.

For this reason, I respectfully dissent.

_____, J.
Cherry

